[Nos. 42531, 42567, 42568, 42569.   En Banc.   April 26, 1973.]

EARL F. MYERS et al., Petitioners, v. WALTER A. HARRIS et al., Respondents.

PAUL N. BARCI et al., Appellants, v. INTALCO ALUMINUM CORPORATION, Respondent.

LEE HARVEY et al., Respondents, v. KING'S LAIR CORPORATION, Appellant.

In the Matter of the Petition of the CITY OF BELLINGHAM.

J. K. Hallam, Joseph T. Pemberton (of Pemberton & Bentley), W. Wesselhoeft and Gust S. Doces (of Ferguson & Burdell), Arden Shenker (of Tooze, Kerr & Peterson), Thomas C. McKinnon (of Cartano, Botzer & Chapman), and T. B. Asmundson (of Asmundson, Rea & Atwood), for appellants.

Thomas H. Oldfield (of Oldfield & Manger), G. Keith Grim, Richard G. Allen, and Robert R. Davis, Jr. (of Lane, Powell, Moss & Miller), Richard Fleeson (of Abbot, Lant & Fleeson), J. Richard Crockett (of Detels, Draper & Marinkovich), Robert L. Holztclaw (of Barker, Day & Taylor), Gordon G. Conger (of Preston, Thorgrimson, Starin, Ellis & Holman), and Richard A. Busse, City Attorney, for respondents and petitioners.

STAFFORD, J.—Myers v. Harris is here on a writ of certiorari to review a Court of Appeals' order denying respondents' motion to dismiss. The other three cases are here on motion to dismiss the respective appeals.

■ The sole issue is whether the timely payment of a filing fee in the manner required by CAROA 33(1) is a jurisdictional prerequisite for perfecting an appeal in a civil action. We hold that it is.

Detailed facts involved in the four cases are unimportant. It is relevant only that each of the appellants, for different reasons, failed to pay the filing fee within 30 days from entry of judgment, as required by CAROA 33(1); and, that three different county clerks accepted the notices of appeal despite counsels' failure to comply with CAROA 33 (1).

CAROA 33(1), as presently written, became effective January 1, 1972. On that date timely payment of a filing fee for the first time became a jurisdictional requisite in addition to the previously required filing of a written notice of appeal.

Appellants assert that the recent change in the filing fee

requirement apparently left room for misconception by some lawyers and superior court clerks as well. They argue that the phraseology and individual titles of CAROA 15, 32, and 33, when read together, misled them. It is indicated that CAROA 15 and 32 fail to disclose that CAROA 33 provides specific prerequisites for jurisdiction and that the title of CAROA 33 itself contains no mention of jurisdictional requirements whereas ROA I-32 specifically advises the reader: "(see Rule I-15, I-33)." Thus, appellants say, it was not unreasonable for them to have concluded, after reading CAROA 15 and 32, whose titles mention jurisdiction and jurisdictional requirements respectively, that a proper written notice of appeal is the only prerequisite for appellate jurisdiction in a civil action.

Although we do not say appellants' position lacks merit, we must observe that it overlooks CAROA 2(i) which provides:

> Rule and subdivision headings do not in any manner affect the scope, meaning or intent of the provisions of these rules.

Further, CAROA 15 provides that the Court of Appeals shall acquire jurisdiction by the "filing of a timely notice of appeal" and CAROA 32 similarly requires the "timely filing of a proper notice of appeal" but neither rule indicates what constitutes a proper notice of appeal. This is provided by CAROA 33, and CAROA 33(1) unequivocally provides:

> In civil actions appealable to the court of appeals, in order for the court of appeals to obtain jurisdiction of the cause, a written notice of appeal, together with a copy of the same, must be filed with, *and filing fees paid* to, the clerk of the superior court within thirty days . . .

(Italics ours.)

While the word "jurisdiction" does not appear in the title of CAROA 33, the language of CAROA 33(1) is clear and unambiguous. The timely filing of a proper written notice of appeal *and* the timely payment of the required filing fee are jurisdictional prerequisites in the appeal of all civil cases under CAROA 33(1) as well as ROA I-33(1).

Our review of the facts concerning the failure to make timely payment of the respective filing fees leads us to believe that the mistakes by lawyers and county clerks alike were made in good faith. While we do not believe CAROA 33(1) is ambiguous or misleading, we can, nevertheless, understand the manner in which the apparent misconception occurred.

In the cases at hand, the fees have been paid or tendered and no apparent injury or prejudice has resulted to respondents. No respondent has claimed an untimely filing or receipt of a notice of appeal despite the untimely payment of the filing fee. Under these peculiar circumstances, a strict enforcement of the jurisdictional fee requirement would impose an unduly harsh result.

Under the special circumstances of these cases, and limited strictly thereto, we hold justice requires that strict adherence to the timeliness portion of the filing fee requirement of CAROA 33(1) should be waived. *See O'Connor v. Matzdorff,* 76 Wn.2d 589, 458 P.2d 154 (1969). We wish to emphasize, however, that the requirement is waived reluctantly and we do not intend to make a practice of waiving jurisdictional requirements in the future.

Respondents' motions to dismiss are denied in cases Nos. 42567, 42568 and 42569. In regard to Myers v. Harris, No. 42531, we affirm only the result of the Court of Appeals denial of respondents' motion to dismiss.

HALE, C.J., FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.