[No. 32872-7-I.    Division One.    August 1, 1994.]

GRAHAM THRIFT GROUP, INC., *Appellant*, v. PIERCE COUNTY, ET AL, *Respondents*.

*David A. Bricklin* and *Bricklin & Gendler,* for appellant.

*John W. Ladenburg, Prosecuting Attorney,* and *Jill Guernsey, Deputy; Terry L. Brink, Warren J. Daheim,* and *Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim,* for respondents.

KENNEDY, J. — The Graham Thrift Group, Inc. (Graham Thrift) appeals the trial court's grant of a motion to dismiss to Country Park, Inc. (Country Park) and Pierce County for failure to state a claim upon which relief can be granted. The trial court ruled that Graham Thrift had not timely

appealed a decision by the Pierce County hearing examiner and that Graham Thrift failed to pay the appeal filing fee until after the proper time period had expired. Concluding that the payment of the filing fee is a jurisdictional requirement under the Pierce County Code, we affirm.

## FACTS

This appeal arises out of a challenge to a land use decision. Graham Thrift is a citizens' group formed to challenge the development of land in the Graham Thrift area of Pierce County. Country Park is a development corporation attempting to develop land in that area. The Pierce County hearing examiner approved Country Park's preliminary plat with some conditions. Graham Thrift timely appealed the hearing examiner's original decision to the Pierce County Council and then to the King County Superior Court. Judge Carol A. Schapira affirmed the majority of the hearing examiner's decision and remanded for entry of supplemental findings of fact and conclusions of law.

Graham Thrift then attempted to appeal the hearing examiner's supplemental findings and conclusions to the Pierce County Council. The parties agree that the notice of appeal and an appeal filing fee needed to be filed with the Department of Planning and Land Services (DPLS) by December 28, 1992. Graham Thrift mailed its Notice of Appeal to the DPLS on December 24, 1992. The appeal was not accompanied by the necessary appeal filing fee. Graham Thrift subsequently paid this fee weeks after the appeal filing period had expired.

The DPLS could find no record of Graham Thrift's appeal. Graham Thrift's complaint to the superior court states that it provided the County with proof of timely mailing of the Notice of Appeal, and that it is "apparent that the appeal was timely received by the Department but mishandled by personnel not normally involved with incoming appeals" (presumably due to the holidays). Clerk's Papers, at 15.

The office of the Pierce County Prosecutor informed Graham Thrift that the appeal would not be processed. Graham

Thrift urged the County to reconsider and to process the appeal. The Pierce County Prosecutor again informed Graham Thrift that the appeal would not be processed, stating its reasons: the Notice of Appeal had not been filed in a timely manner and the appeal filing fee was submitted after the deadline had passed.

Graham Thrift filed a complaint and application for writ of mandamus in King County Superior Court, asking the Superior Court to require that Pierce County process the appeal. Country Park and Pierce County responded with a motion to dismiss the complaint under CR 12(b)(6). Judge Sharon Armstrong granted the motion to dismiss, stating in her order that neither the appeal nor the appeal filing fee was filed within the time required by the Pierce County Code.

This timely appeal followed.

#### DISCUSSION

Graham Thrift contends that the complaint alleged facts sufficient to survive a dismissal on the pleadings. First, the complaint alleged that the appeal was mailed in time to reach the DPLS within the 10-day period prescribed by the Pierce County Code, but that the DPLS personnel mishandled the appeal.

Second, Graham Thrift contends that its failure to timely pay the appeal filing fee is not a jurisdictional defect and should not be the basis for dismissing the appeal. In the alternative, Graham Thrift contends that the DPLS waived the timely payment of the fee by failing to notice the error and inform Graham Thrift so that Graham Thrift could rectify the error by remitting the filing fee.

A complaint survives a CR 12(b)(6) motion if any set of facts could exist that would justify recovery. *Hoffer v. State*, 110 Wn.2d 415, 420, 755 P.2d 781 (1988), *aff'd on rehearing*, 113 Wn.2d 148, 776 P.2d 963 (1989). Accordingly, a court can consider hypothetical facts not contained in the formal record. *Hoffer*, 110 Wn.2d at 420. A plaintiffs allegations are presumed true, so a court should dismiss a claim under CR

12(b)(6) only where "it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief". *Hoffer*, 110 Wn.2d at 420 (quoting *Orwick v. Seattle*, 103 Wn.2d 249, 254, 692 P.2d 793 (1984)).

Even assuming that Graham Thrift has alleged facts that it timely mailed the Notice of Appeal and that it was mishandled by the DPLS, Graham Thrift has not alleged a set of facts, hypothetical or otherwise, in which it timely paid the applicable filing fee for its appeal to the Pierce County Council.

■ The Pierce County Code states:

> The final decision by the Examiner on any land use matter within his jurisdiction, may be appealed to the Council by any aggrieved person directly affected by the Examiner's decision. Said appeal procedure is as follows:
>
> > A. The appellant *must* file written notice of appeal with the Planning Department *and the appeal fee* within ten (10) working days of the date of mailing of the Examiner's final decision[.]

(Italics ours.) Pierce County Code 2.36.120. In order for courts acting in an appellate capacity to acquire jurisdiction, an appellant must comply with the statutorily imposed time limit for filing an appeal. *See North St. Ass'n v. Olympia*, 96 Wn.2d 359, 364, 635 P.2d 721 (1981). Where the Pierce County Council accepts appeals from decisions of the hearing examiner it is acting in an appellate, quasi-judicial capacity. Under these circumstances, the Council acquires jurisdiction over an appeal through the code provision authorizing the appeal. *See North St.*, 96 Wn.2d at 364.

■■ The Code uses the terms "must file written notice . . . and the appeal fee within ten (10) working days", indicating that the filing fee is a mandatory, statutory requirement. We cannot rewrite or modify the language of the statute under the guise of statutory interpretation or construction. *See State v. McAlpin*, 108 Wn.2d 458, 465, 740 P.2d 824 (1987) (citing *Cooper's Mobile Homes, Inc. v. Simmons*, 94 Wn.2d 321, 326, 617 P.2d 415 (1980)). Rather, we must give full effect to the plain language of the statute, "even when its results may

seem unduly harsh". *Geschwind v. Flanagan*, 121 Wn.2d 833, 841, 854 P.2d 1061 (1993) (citing *State v. Pike*, 118 Wn.2d 585, 591, 826 P.2d 152 (1992)). Accordingly, Graham Thrift's failure to timely pay the filing fee acts as a jurisdictional bar to its appeal.

The authority cited by Graham Thrift does not compel a different result. No Washington case has examined the Pierce County Code's land use appeal statute to ascertain whether the failure to timely pay the filing fee should result in dismissal of the appeal. Graham Thrift relies on cases examining the jurisdictional effect of a filing fee in the context of appeals to this court pursuant to the Rules of Appellate Procedure, and appeals from courts of limited jurisdiction (RALJ appeals).

We recognize the modern preference of courts to interpret their procedural rules to allow creditable appeals to be addressed on the merits absent serious prejudice to other parties. *See, e.g., Hoirup v. Empire Airways, Inc.*, 69 Wn. App. 479, 483, 848 P.2d 1337 (1993) (service of notice not a jurisdictional element under MAR 7.1); *State v. Ashbaugh*, 90 Wn.2d 432, 438, 583 P.2d 1206 (1978) (filing fee nonjurisdictional because RAP 18.8(b) does not list failure to pay filing fee as error leading to dismissal and RAP 1.2(a) requires that cases not be decided on the basis of noncompliance with the rules except where justice demands);[1] *Davidson v. Thomas*, 55 Wn. App. 794, 798-99, 780 P.2d 910 (1989) (RALJ 10.2(a) does not list the failure to immediately serve notice on the other parties or the failure to pay the filing fee as reasons for a dismissal of the appeal — requirements were deemed nonjurisdictional). However, these cases involve courts interpreting court rules concerning how appeals are consummated in the courts. Even though this court and others have liberalized jurisdictional rules for appeals to the court, we cannot impose

---

[1]In contrast, like the Pierce County Code, former Rule on Appeal 33(1) stated that in order for this court to acquire jurisdiction, an appellant "must" file a notice of appeal and filing fees within the prescribed time period to the superior court. *See Myers v. Harris*, 82 Wn.2d 152, 154, 509 P.2d 656 (1973). The *Myers* court determined that the language of the rule clearly and unambiguously made payment of the filing fee a jurisdictional prerequisite. *Myers*, 82 Wn.2d at 154.

the same liberal interpretation onto legislation enacted by Pierce County. *See Geschwind*, 121 Wn.2d at 841.

A legislative body may determine that the interest in finality justifies applying a mandatory time limit for filing an appeal and paying a filing fee. This is particularly true in the context of land use decisions, where time is usually of the essence for the parties involved. *See Concerned Organized Women & People Opposed to Offensive Proposals, Inc. v. Arlington*, 69 Wn. App. 209, 219, 847 P.2d 963 (citing *Deschenes v. King Cy.*, 83 Wn.2d 714, 521 P.2d 1181 (1974)), *review denied*, 122 Wn.2d 1014 (1993). Pierce County appears to have made just such a policy decision. We decline to impose a different policy on the County under the guise of statutory interpretation.

Graham Thrift also argues that the DPLS waived the requirement that Graham Thrift timely pay the appeal fee by the faulty handling of the appeal, citing cases collected in *In re Estate of Crane*, 15 Wn. App. 161, 164 n.3, 548 P.2d 585 (1976). These cases, however, state only that courts have inherent power to waive filing fees should they so desire. *See, e.g., Moore v. Burdman*, 84 Wn.2d 408, 412, 526 P.2d 893 (1974) (mistake by court caused untimely filing). Even assuming that the DPLS mishandled Graham Thrift's appeal, this did not automatically waive timely payment of the appeal fee. In sum, the trial court properly dismissed Graham Thrift's complaint and application for a writ of mandamus — Graham Thrift's failure to pay the filing fee within the time period prescribed by the Pierce County Code acted as a jurisdictional bar to its appeal from the hearing examiner's decision.[2]

As this appeal raised debatable issues of first impression concerning the jurisdictional elements of an appeal under the Pierce County Code, Respondents' request for attorney fees fora frivolous appeal is denied.

---

[2]In light of this disposition we do not address the issue of whether Graham Thrift timely filed its application for writ of mandamus in the superior court.