[No. 63202-2.  En Banc.  March 14, 1996.]

JOHN SCANNELL, *Petitioner*, v. THE STATE OF WASHINGTON, ET AL., *Respondents*.

*John Scannell,* pro se.

*Christine O. Gregoire, Attorney General,* and *Jeffrey T. Even, Assistant; Mark H. Sidran, City Attorney,* and *Mary K. Doherty, Assistant,* for respondents.

PER CURIAM. — This case involves Petitioner John Scannell's failure to file a timely notice of appeal in conformance with a recently amended Rule of Appellate Procedure. The Court of Appeals refused to grant Scannell's motion for an extension of time to file the notice of appeal. Scannell sought review from this court, but the Commissioner denied Scannell's motion. Scannell then filed a motion to modify the Commissioner. Department One of this court has considered Scannell's motion to modify, and we now modify the Commissioner's ruling and remand the

case to the Court of Appeals with directions to grant Scannell's motion for an extension of time to file his notice of appeal.

Scannell sought to appeal a superior court order signed on November 22, 1994. Thirty days after the superior court acted, Scannell filed a motion for order of indigency. He did not file a notice of appeal at that time because he thought the notice of appeal was not required until the motion for indigency was decided. His motion for indigency was scheduled to be heard before a department of this court on February 8, 1995. In anticipation of this, Scannell filed the notice of appeal on February 6, 1995, but he did not pay the required filing fee at that time. On February 9, 1995, Department Two denied Scannell's motion for indigency.

Scannell appeared in the Court of Appeals on March 24, 1995. A Court of Appeals commissioner threatened to impose sanctions on Scannell for his failure to pay the filing fee but granted a one-week extension of time to pay the fee. On March 31, 1995, Scannell paid the $250.00 filing fee. The commissioner then informed Scannell that the notice of appeal was untimely filed. Scannell submitted a motion for an extension of time for filing the notice of appeal. The Court of Appeals denied that motion. The Court of Appeals also denied Scannell's motion for reconsideration.

Scannell filed a petition for review with this court. The Clerk of this court determined the correct designation for the matter was "motion for discretionary review." In his motion, Scannell asserted the Rules of Appellate Procedure (RAP) tolled the 30-day requirement for filing a notice of appeal when a motion for indigency was pending. Alternatively, Scannell argued the RAPs were misleading, such that it was a miscarriage of justice to deny his motion to extend the time limit for filing the notice of appeal. On October 20, 1995, the Supreme Court Commissioner denied Scannell's motion for discretionary review, finding

that the RAPs clearly required filing of a notice of appeal within 30 days of the court act sought to be appealed. Scannell's notice of appeal was six weeks late. The Commissioner found that Scannell did not satisfy the RAP 18.8(b) standard for granting a motion to extend time. Finding no errors in the Court of Appeals' application of the Rules of Appellate Procedure, the Commissioner found no basis to grant review under RAP 13.5(b). Department One of this court has considered Scannell's motion to modify the Commissioner's ruling. We modify the ruling and remand the case to the Court of Appeals with orders.

This motion involves RAP 5.2(a) (notice of appeal) and RAP 15.2(a) (motion for order of indigency). RAP 5.2(a) establishes the time limit for filing a notice of appeal:

> Except as provided in rules 3.2(e), 5.2(d) and (f), and 15.2(a), a notice of appeal must be filed in the trial court within the longer of (1) 30 days after the entry of the decision of the trial court which the party filing the notice wants reviewed, or (2) the time provided in section (e).

RAP 3.2(e) and RAP 5.2(d), (e), and (f) do not apply to Scannell's situation; thus, the only cross-referenced rule that could have possibly extended Scannell's time to file a notice of appeal is RAP 15.2(a) (motion for order of indigency). RAP 15.2(a) provides, in part:

> A party seeking review partially or wholly at public expense must move in the trial court for an order of indigency. The motion must be supported by an affidavit setting forth the moving party's total assets; the expenses and liabilities of the party; a statement of the amount, if any, the party can contribute toward the expense of review; a statement of the expenses the party wants waived or provided at public expense; a brief statement of the nature of the case and the issues sought to be reviewed; a designation of those parts of the record the party thinks are necessary for review; and a statement that review is sought in good faith. . . .

The Commissioner's denial of Scannell's motion for discretionary review is sustainable on a strict reading of

the rules. The current version of RAP 15.2(a) does not provide for any tolling of the time limit for filing a notice of appeal, thus the phrase in RAP 5.2(a), "[e]xcept as provided for in . . . 15.2(a)," is meaningless, and has no effect on the 30-day time limit.

Scannell claims he was misled by the rules. His confusion arises from the fact that RAP 15.2(a) was amended three months before the superior court order which he sought to appeal. Effective on September 1, 1994, two sentences were struck from RAP 15.2(a), leaving the rest of the subsection unchanged. Those two sentences, which had followed the first sentence of the subsection quoted above, stated:

> The motion must be served and filed within the time allowed for filing a notice of appeal or a notice for discretionary review. The time between the service and filing of the motion for an order of indigency and the determination of that motion is excluded from the time allowed for filing a notice of appeal or notice for discretionary review.

Although these two sentences were struck out by the amendment, no provision was made to delete the cross-reference in RAP 5.2(a) to RAP 15.2(a). In other words, the continuing reference in RAP 5.2(a) to RAP 15.2(a) presents a trap for the unwary. This cross-reference leads the unsophisticated pro se litigant to believe that RAP 15.2(a) has some kind of delaying effect on the 30-day notice of appeal deadline, even though no such language actually exists in the current version of RAP 15.2(a). The misleading cross-reference caused Scannell's confusion. Had the old rule been in effect, Scannell's acts would have been in full compliance.

■ Scannell's confusion must be considered when determining whether to grant a motion for an extension of time. Scannell's motion to extend the time for filing his notice of appeal is controlled by the strict standard set forth in RAP 18.8(b), which permits such extensions "only in extraordinary circumstances and to prevent a gross

miscarriage of justice." *See Reichelt v. Raymark Indus.*, 52 Wn. App. 763, 764 P.2d 653 (1988) (noting that the RAP 18.8(b) standard is rarely satisfied). Several factors support Scannell's motion for an extension of time under this strict standard.

First, Scannell's confusion over the filing deadline for a notice of appeal was caused by his understandable misinterpretation of a recently amended rule. The amendment had been in effect for just three months when Scannell sought to appeal a superior court order. In fact, this case appears to be this court's first occasion to construe the effect of the change to the rule. While the language within the amended RAP 15.2(a) is unambiguous, the remaining cross-reference to RAP 15.2(a) in RAP 5.2(a) could confuse a pro se litigant, as apparently it did here. Additionally, the amendment merely omitted two sentences from RAP 15.2(a) without changing any other language. The mere omission of these two sentences provides little notice that such a drastic change had been made to the rules.

Scannell's misinterpretation of the amended rule was clearly an innocent mistake. An objective and reasonable pro se litigant, even one who is somewhat familiar with the law, could have made the same mistake. Also, Scannell's conduct would have complied with the pre-amended rules, evincing a good faith effort to satisfy the rules' requirements. Despite Scannell's good faith attempts, the Court of Appeals unyieldingly enforced the newly amended rule. Additionally, the court turned Scannell away only after he paid the $250.00 filing fee, even though it was clear the notice of appeal was untimely at the first hearing on March 24, 1995, where a Court of Appeals commissioner ordered Scannell to pay the fee and granted him an additional week to do so. Finally, the end result is drastic: Scannell loses his filing fee and loses any chance to appeal, an opportunity which he had otherwise diligently pursued.

Scannell's filing, "despite reasonable diligence, was defective due to excusable error" — the error in this case

caused by his being misled by the recently amended Rules of Appellate Procedure. *Reichelt*, 52 Wn. App. at 765. The unique circumstances presented in this case warrant an extension of time under RAP 18.8(b).

This court has been lenient in other cases where court rules caused confusion. For example, this court overlooked several parties' noncompliance with what was then a jurisdictional rule in *Myers v. Harris*, 82 Wn.2d 152, 509 P.2d 656 (1973). A court rule had been in effect for just over a year when the court accepted review of four different cases. All four cases questioned whether the new rule, former CAROA 33(1), actually made the filing fee a jurisdictional requirement. Several parties had interpreted the new rule as not being jurisdictional. Disposing of all four cases with one unanimous opinion, the court found that, although the rule did not explicitly describe the fee as jurisdictional, the language of the new rule clearly and unambiguously imposed the fee as a jurisdictional prerequisite. *Myers*, 82 Wn.2d at 154. Despite this finding, the court determined that "the facts concerning the failure to make timely payment of the respective filing fees leads us to believe that the mistakes by lawyers and county clerks alike were made in good faith." *Myers*, 82 Wn.2d at 155. Since "a strict enforcement of the jurisdictional fee requirement would impose an unduly harsh result," the court held "justice requires that strict adherence to the timeliness portion of the filing fee requirement . . . should be waived." *Myers*, 82 Wn.2d at 155. The holding was explicitly limited to the cases appealed, and the court cautioned that it waived the jurisdictional requirement reluctantly and it did not intend to make a practice of waiving jurisdictional requirements in the future. *Id.*

The *Myers* holding can be justified on the grounds that the court rule was relatively new, and the effect of the new rule apparently had not been construed previously in any reported decisions. Such reasoning equally applies to Scannell's case in favor of granting his motion for an extension of time. As in *Myers*, we caution that future

misinterpretations of the amended rule discussed here will not be treated with equal leniency.

██ With this decision serving as additional notice of the new change to the Rules of Appellate Procedure, future litigants in Scannell's situation have only one avenue of action. Motions for orders of indigency no longer toll the deadline for filing a notice of appeal. Litigants must pay a filing fee when they file the notice of appeal (RAP 5.1(b)), which must be filed within 30 days from the appealed order even though a motion for indigency usually will not be decided within that time. The only recourse for a truly impecunious litigant is to file the notice of appeal without paying the fee. Although failure to pay the filing fee at the time of filing is no longer a jurisdictional defect, *State v. Ashbaugh*, 90 Wn.2d 432, 583 P.2d 1206 (1978), such failure technically violates RAP 5.1(b), thereby subjecting one to possible sanctions under RAP 18.9(a). If an impecunious litigant, in good faith, withholds payment of a filing fee in reliance upon a pending motion for indigency, then sanctions would be inappropriate.

We reverse the Court of Appeals and remand with orders for the Court of Appeals to grant Scannell's motion for an extension of time for filing the notice of appeal.