SEATTLE SEAHAWKS, INC., *Respondent*, v. KING
COUNTY, *Petitioner*.

*Norm Maleng, Prosecuting Attorney for King County*,
and *Quentin R. Yerxa, Deputy*; and *Danielson, Harrigan &
Tollefson*, by *Arthur W. Harrigan, Jr., Timothy G. Leyh*,
and *Karl F. Oles*, for petitioner.

*Lathrop, Winbauer, Harrel & Slothower*, by *Frank S.
Lathrop; Cone Gilreath, Ellis & Cole*, by *John P. Gilreath;
Williams, Kastner & Gibbs*, by *Paul A. Harrel*; and *Ed-
wards, Sieh, Hathaway, Smith & Goodfriend, P.S.*, by
*Catherine W. Smith*, for respondent.

DURHAM, C.J. — This is a widely publicized contractual dispute between King County (County) and the Seattle Seahawks, Inc. (SSI). Both parties commenced legal actions in different counties on the same day. King County seeks review of a Kittitas County Superior Court order determining that the Kittitas County court has jurisdiction over this matter, and restraining the County from proceeding with its action in King County. We reverse.

Both the King County and Kittitas County actions were filed and served on the opposing parties on the morning of February 2, 1996. The timing of these events was as follows:

9:51 a.m. The County files its action in King County.

10:19 a.m. SSI files its action in Kittitas County.

10:25 a.m. SSI serves its action on the County.

11:42 a.m. The County serves its action on SSI.

The Kittitas County court ruled that it had jurisdiction and issued an order restraining the County from proceeding with its action in King County. We granted the County's motion for direct discretionary review of the Kittitas County order, and stayed further proceedings in both counties pending our review.

### JURISDICTION

Under the priority of action rule, the trial court that first obtains jurisdiction is the court in which this matter will normally proceed. *See Mutual of Enumclaw Ins. Co. v. Human Rights Comm'n*, 39 Wn. App. 213, 216, 692 P.2d 882 (1984). SSI contends the court that acquires jurisdiction is the court in the county in which

both filing and service are first completed. We disagree. The applicable court rule and statute are unambiguous. Both provide that a civil action is commenced by filing *or* by service of the summons and complaint. CR 3; RCW 4.28.020. Once an action is commenced, "the court is deemed to have acquired jurisdiction and to have control of all subsequent proceedings." RCW 4.28.020.

"CR 3 clearly and unmistakably provides that an action is commenced today by service of a summons *or by the filing of a complaint.*" *Curtis Lumber Co. v. Sortor*, 83 Wn.2d 764, 767, 522 P.2d 822 (1974). RCW 4.28.020 clearly provides that the court is deemed to have acquired jurisdiction from the time an action is commenced. Therefore, the King County court acquired jurisdiction over this matter when the County filed its complaint. The fact that SSI completed *both* service and filing first does not confer jurisdiction on the Kittitas County court. *See State ex rel. Uland v. Uland*, 36 Wn.2d 176, 216 P.2d 756 (1950).

## VENUE

SSI suggests that even if the King County court first acquired jurisdiction, equitable considerations require this matter to be heard in Kittitas County. As SSI points out, the priority of action rule does not necessarily determine the venue in which an action should proceed. *See American Mobile Homes of Wash., Inc. v. Seattle-First Nat'l Bank*, 115 Wn.2d 307, 321, 796 P.2d 1276 (1990). In support of their arguments as to which county is the appropriate venue for this action, both parties have submitted, pursuant to RAP 9.11, extensive factual declarations relating their respective versions of the events that led to this litigation.

We are not inclined to consider the parties' venue arguments for several reasons. First, a determination of proper venue would require this court to consider disputed issues of fact that have not been presented to a trial court. Second, the underlying purpose of the priority of action

rule is to determine which trial court has jurisdiction to control the proceedings. A motion for a change of venue must be brought before the King County court. *See American Mobile Homes*, 115 Wn.2d at 314. Finally, our consideration of the venue issue on an appeal from Kittitas County would encourage future litigants who are unhappy with their adversary's chosen forum to file an action in a different county and bring their venue arguments directly to this court.

CONCLUSION

For these reasons, we reverse the Kittitas County court's assumption of jurisdiction and direct that the Kittitas County action be dismissed. We deny the parties' motions to supplement the record pursuant to RAP 9.11. The parties may present their venue arguments to the King County court.

The temporary restraining order, as adopted and modified by the rulings of the Commissioner and this court, remains in effect pending further action by the King County court.

Reversed.

DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, TALMADGE, and SANDERS, JJ., concur.