53 P.3d 44 (2002)
113 Wash.App. 142
LEWIS COUNTY, Appellant,
v.
W. WA. GROWTH MGMT. HEARINGS BD., Respondent.
Nos. 26861-2-II, 26868-0-II.
Court of Appeals of Washington, Division 2.
August 23, 2002.
*45 Douglas E. Jensen, Chehalis, Alexander Weal Mackie, Olympia, Richard L. Settle, Seattle, Matthew Bryan Edwards, Owens Davies P.s., Olympia, for Appellant.
Alison Moss, Seattle, Shannon Murphy, Centralia, for other parties Port of Chehalis, Lewis County Economic Development Council, Industrial Lands Advisory Task Force, and City of Centralia.
Lewis H. Zieske, Chehalis, Marjorie Ann Smitch, Asst. Atty. Gen., Olympia, for Respondents.
Vince Panesko, Richland, pro se.
MORGAN, J.
The question is whether a superior court has jurisdiction to hear and determine an appeal from a final order of a Growth Management Hearings Board (GMHB) where the appellant, a county, failed to pay the prescribed filing fee within 30-days of the order being appealed from. The trial court answered no, and so do we.
The appellant is Lewis County. The respondents are Eugene Butler, John Mudge, and Vince Panesko. The appellant and respondents contested two cases in front of the Western Washington GMHB. On June 30, 2000, and July 13, 2000, respectively, the Board resolved those cases adversely to Lewis County.
On July 17, 2000, the county attempted to appeal the first case. It did that by tendering a notice of appealbut not a filing fee to the clerk of the Lewis County Superior Court. The clerk filed the notice, despite the absence of a filing fee.[1]
On July 18, 2000, the county attempted to appeal the second case. It did that by tendering a notice of appealbut not a filing feeto the clerk of the Lewis County Superior Court. The clerk filed the notice, despite the absence of a filing fee.
On September 1, 2000, the superior court questioned its jurisdiction in light of the county's not having paid a filing fee within the 30 day period for seeking judicial review. That same day, the county paid the $110 filing fee in the first case. On November 3, 2000, the county paid the $110 filing fee in the second case. The cases have now been consolidated.
*46 On December 8, 2000, after briefing and argument, the court orally held that it lacked jurisdiction because the county had not paid filing fees within 30 days of the orders it was appealing from. Later, the court denied a motion for reconsideration and entered written orders of dismissal. Lewis County then commenced this appeal.
We address several questions. (1) Was the county required to pay a filing fee? (2) Assuming that the county was required to pay a filing fee, was it required to pay such fee within 30 days of the order being appealed? (3) Assuming that the county was required to pay a filing fee within 30 days of the order being appealed, did its failure to do so result in a jurisdictional defect? (4) Assuming that the county's failure resulted in a jurisdictional defect, should this court now waive that defect?

I.
Whether a county must pay a filing fee turns on several statutes. RCW 36.70A.300(5) provides:
Any party aggrieved by a final decision of the hearings board may appeal the decision to superior court as provided in RCW 34.05.514 or 36.01.050 within thirty days of the final order of the board.
RCW 34.05.514(1) provides:
... [P]roceedings for review under this chapter shall be instituted by paying the fee required under RCW 36.18.020[[2]] and filing a petition in the superior court,[[3]] at the petitioner's option, for (a) Thurston county, (b) the county of the petitioner's residence or principal place of business, or (c) in any county where the property owned by the petitioner and affected by the contested decision is located.
RCW 36.01.050(1) provides:
All actions against any county may be commenced in the superior court of such county, or in the superior court of either of the two nearest judicial districts. All actions by any county shall be commenced in the superior court of the county in which the defendant resides, or in either of the two judicial districts nearest to the county bringing the action.
As can be seen, each of these statutes deals with when, how, or where a party can seek judicial review of a decision by a GMHB. RCW 36.70A.300(5) states that a party may appeal within 30 days. It also states that a party may appeal "as provided in RCW 34.05.514 or [RCW] 36.01.050[.]" RCW 34.05.514(1) states that an appeal is instituted by filing a petition and paying a filing fee in any of three venues. RCW 36.01.050(1) states that when a county appeals, it may do so in any of three venues. Depending on the facts, the venues permitted by RCW 36.01.050(1) may be the same as or different from the venues permitted by RCW 34.05.514(1).
The parties dispute what the legislature intended[4] when, in RCW 36.70A.300(5), it said that a party may appeal "as provided in RCW 34.05.514 or [RCW] 36.01.050." Lewis County argues that the legislature intended compliance with RCW 36.01.050 to be a complete *47 alternative to compliance with RCW 34.05.514(1); thus, a county that files in one of the venues set forth in RCW 36.01.050(1) need not comply with RCW 34.05.514(1), and Lewis County did not have to pay the filing fee described in RCW 34.05.514(1) and RCW 36.18.020(2)(c). The respondents argue that the legislature intended compliance with RCW 36.01.050(1) to be a partial alternative to compliance with RCW 34.05.514(1). They reason that RCW 34.05.514(1) requires a petition, a filing fee, and filing within certain venues; that compliance with RCW 36.01.050(1)'s venue provisions obviates the need to comply with RCW 34.05.514(1)'s venue provisions, but not the need to comply with its petition and fee provisions; and thus that Lewis County had to comply with RCW 34.05.514(1)'s petition and fee requirements regardless of the venue it selected.
For several reasons, we agree with respondents. If compliance with RCW 36.01.050 were a complete alternative to compliance with RCW 34.05.514(1), an appellant who files in a venue permitted by RCW 36.01.050(1) would not have to file a "petition" within the meaning of the Administrative Procedures Act (APA) (which includes, for example, RCW 34.05.546, quoted in an earlier footnote). Instead, he or she would only have to file an "action" within the meaning of RCW 36.01.050(1). But in RCW 34.05.510 the legislature expressly declared its intent that the APA, RCW 34.05, be "the exclusive means of judicial review of agency action," subject to exceptions not pertinent here. Because the legislature clearly intended GMHB appeals to be processed under the APA, we do not think that the legislature intended compliance with RCW 36.01.050 to be a complete alternative to compliance with RCW 34.05.514(1).
Additionally, if compliance with RCW 36.01.050 were a complete alternative to compliance with RCW 34.05.514(1), there would be a crazy-quilt of petition and fee requirements. The appellant who chose a venue permitted by RCW 34.05.514 would have to file a petition for judicial review under RCW 34.05.546, and pay a filing fee under RCW 36.18.020(2)(c). The appellant who chose a venue permitted by RCW 36.01.050 would not have to file a petition for judicial review under RCW 34.05.546 or pay a filing fee under RCW 36.18.020(2)(c); rather, he or she would just have to file an "action," and no fee would be required. Court clerks would have to analyze venue in order to know what fee to collect. Such a scheme is absurd and cannot be what the legislature intended.[5]
Finally, if compliance with RCW 36.01.050(1) is only a partial alternative to compliance with RCW 34.05.514(1)in other words, if compliance with RCW 36.01.050(1) substitutes for compliance with the venue portions of RCW 34.05.514(1), but not for compliance with the petition and fee requirements of RCW 34.05.514(1)an appellant will be able to appeal "as provided in RCW 34.05.514 or [RCW] 36.01.050"[6] in the sense that he or she can bring the appeal in any venue permitted by either statute.[7] In all cases, however, he or she will be required to prepare and file a petition for judicial review under RCW 34.05.546, and to pay a filing fee under RCW 36.18.020(2)(c). This is the only scheme that makes any sense, and in our view the one that the legislature necessarily intended. For all these reasons, we conclude (1) that Lewis County was entitled to bring its appeal "as provided in RCW 34.05.514(1) or [RCW] 36.01.050" in the sense that it could lay venue under either RCW 34.05.514(1) or RCW 36.01.050(1); but that regardless of the venue it chose, it was required to institute its appeal by filing a petition for judicial review and paying a filing fee under RCW 34.05.514(1) and RCW 36.18.020(2)(c).

*48 II.
The next question is whether a county can institute a GMHB appeal without paying a filing fee within 30 days of the order being appealed. RCW 36.70A.300(5) and RCW 34.05.514(1) describe the steps that must be taken to commence or institute[8] an appeal from a GMHB to superior court. RCW 36.70A.300(5) provides that if a party desires to appeal, he or she must do so "within thirty days of the final order of the board." RCW 34.05.514(1) provides that "proceedings for [judicial] review"i.e., an appeal"shall be instituted by paying the fee required under RCW 36.18.020 and filing a petition in the superior court[.]" Thus, an appellant fails to commence or institute a GMHB appeal unless, within 30 days of the GMHB's final order, it files a petition and pays the filing fee.
Lewis County argues that when the appellant is the state or a county, RCW 36.18.060 overrides RCW 36.70A.300(5) and RCW 34.05.514(1) with respect to payment of a filing fee. RCW 36.18.060 provides that most county officers, including the clerk, "shall not, in any case, except for the state or county, perform any official services unless the fees prescribed therefor are paid in advance[.]"
Statutes should be harmonized, when possible,[9] so that each is given force and effect.[10] RCW 36.18.060 states or implies that if the clerk is willing not to collect a fee when the county files a document for which a fee is prescribed, the county need not pay the fee at that time. RCW 36.70A.300(5) and RCW 34.05.514(1) state that any appellant must appeal within 30 days; that to institute an appeal he or she must file a petition and pay a filing fee; and thus that within 30 days, he or she must file a petition and pay a filing fee. To say that a county need not pay a fee at one time is consistent with saying it must pay no later than a different time. Accordingly, we harmonize these statutes by holding that a county need not pay a filing fee when it first files a GMHB appeal,[11] but that a county must pay a filing fee within 30 days of the order being appealed.
Lewis County argues that when the legislature amended RCW 34.05.514(1) to state that an appeal "shall be instituted by paying the fee required by RCW 36.18.020[,]"[12] it intended to incorporate RCW 36.18.060's exception for the state and counties. In other words, the county argues, when the legislature said that an appeal "shall be instituted by paying the fee required under RCW 36.18.020[,]" it intended to say that an appeal "shall be instituted by paying the fee required by Chapter 36.18 RCW." In our view, however, the legislature knew how to refer to a whole chapter as opposed to one section, and it would have done that had it so intended. Moreover, even if we assume that the legislature's intent was to refer to Chapter 36.18 RCW, and not just to RCW 36.18.020, RCW 36.18.060 would only excuse the county from paying a filing fee at the time of filing a petition for judicial review; it would not excuse the county from paying a filing fee within 30 days of the order being appealed.
Lewis County argues (1) that before 1995, a county could institute a GMHB appeal without paying a filing fee at any particular time; (2) that when the 1995 legislature amended RCW 34.05.514(1), it did not intend to assess new fees;[13] and thus (3) that a *49 county can still institute a GMHB appeal without paying a filing fee at any particular time.[14] We do not accept the first proposition because we are not persuaded that before 1995 a county could institute a GMHB appeal without paying a filing fee; the law on that point seems to have been murky indeed.[15] We do not accept the second proposition because, when the 1995 legislature amended RCW 34.05.514(1), it made other amendments also; and despite the legislature's general intent not to assess new fees, those other amendments demonstrate specific intents (a) to bring GMHB appeals under the APA and (b) to require that anyone seeking review under the APA pay a filing fee "under RCW 36.18.020."[16] We conclude that Lewis County did not have to pay a filing fee when it first filed its petition for judicial review, but that it did have to pay a filing fee within 30 days of the GMHB's final order.

III.
The next question is whether Lewis County's failure to pay a filing fee within 30 days of the final order of the GMHB constitutes a jurisdictional defect. Although the requirements for commencing or instituting an action or appeal vary according to the applicable statute or court rule,[17] a court, *50 whether trial or appellate, has jurisdiction only after a party commences or institutes an action[18] or appeal.[19] When read together, as already discussed, RCW 36.70A.300(5) and RCW 34.05.514(1) state that a GMHB appeal "shall be instituted" only if the appellant files a petition and pays the filing fee. Accordingly, a court has jurisdiction to hear and determine a GMHB appeal only if the appellant files a petition and pays the filing fee, and the appellant's failure to do either constitutes a jurisdictional defect.[20]

IV.
The last question is whether we should waive the jurisdictional defect created by Lewis County's failure to pay a filing fee within 30 days of the GMHB's final order. We decline for several reasons.
First, jurisdictional defects should be waived only sparingly.[21] On at least two occasions, the Washington Supreme Court has waived a jurisdictional defect "reluctantly," while saying that it "[does] not intend to make a practice of waiving jurisdictional requirements in the future."[22]
Second, jurisdictional requirements embodied in statutes should be waived even more reluctantly than jurisdictional requirements embodied in court rules.[23] As Division One said in a similar case involving land use:
[The appellant] relies on cases examining the jurisdictional effect of a filing fee in *51 the context of appeals to this court pursuant to the Rules of Appellate Procedure, and appeals from courts of limited jurisdiction (RALJ appeals).
We recognize the modern preference of courts to interpret their procedural rules to allow creditable appeals to be addressed on the merits absent serious prejudice to other parties. However, these cases involve courts interpreting court rules concerning how appeals are consummated in the courts. Even though this court and others have liberalized jurisdictional rules for appeals to the court, we cannot impose the same liberal interpretation onto legislation enacted by Pierce County.
A legislative body may determine that the interest in finality justifies applying a mandatory time limit for filing an appeal and paying a filing fee. This is particularly true in the context of land use decisions, where time is usually of the essence for the parties involved.[[24]]
Third, the statutes in issue here, RCW 36.70A.300(5) and RCW 34.05.514(1), were not new or novel when Lewis County filed its petitions for judicial review.[25] They took effect in July 1995, and Lewis County did not file its petitions until July 2000.
Fourth, the statutes in issue here do not seem to have misled Lewis County.[26] It had counsel, and in an earlier similar case it had paid a filing fee at the time it filed its petition for judicial review.[27]
To support its request for a waiver, Lewis County cites Myers v. Harris, Scannell v. State, State v. Ashbaugh, and Griffith v. Bellevue. Each of those cases is distinguishable, however, for one or more of the reasons just stated. Ashbaugh and Griffith each involved a defect that was not jurisdictional. Myers, Scannell and Ashbaugh each involved a court rule, not a statute. Myers, Scannell, and Ashbaugh each involved a provision that was a few days or months old, not a provision that was five years old. Scannell arguably involved a situation in which the appellant had been misled. Particularly in light of the Supreme Court's view that jurisdictional waivers should be granted "reluctantly," these cases do not persuade us that we should grant a waiver here.
To further support its request for a waiver, Lewis County also cites RCW 4.36.240. That statute provides:
The court shall, in every stage of an action, disregard any error or defect in pleadings or proceedings which shall not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect.
Given that this statute applies "in every stage of an action," it applies after an action is commenced or instituted. It is designed to prevent the reversal of a judgment entered by a court having jurisdiction, not to mandate the waiver of jurisdictional defects. The defect here being jurisdictional, and the reasons to waive it being insufficient in our view, we conclude that the superior court did not err by holding that it lacked jurisdiction.
Affirmed.
We concur: ARMSTRONG, J., and HUNT, C.J.
NOTES
[1] In a later affidavit, the clerk explained:

With respect to the filings in the above-captioned proceedings, I was contacted by ... [a] Civil Deputy Prosecutor.... [He] requested on behalf of the County, as a subdivision of the State, to be allowed to defer payment of filing fees at the time of presentation of the County's first filings.
I directed my staff to allow the filings to be made, in reliance on both the representations of County counsel that the County had the right to request such deferral of fees, and my own knowledge that county clerks in this County and in other counties have permitted county and State initiated superior court actions to be filed without requiring advance payment of filing fees. This was a discretionary decision properly within the scope of my legal authority. With respect to such deferral of payments, however, it was (is) always my intention to require that either the County or a third party make full payment of filing fees to the Clerk's Office, either during or at the conclusion of these cases, to ensure that the Superior Court received its full measure of statutory fees and that various statutory funds be allocated their respective portions of such fees.
Clerk's Papers (CP) 112-13.
[2] RCW 36.18.020(2)(c) states that "[f]or filing of a petition for judicial review as required under RCW 34.05.514," the clerk of a superior court shall collect "a filing fee of one hundred ten dollars."
[3] RCW 34.05.546 states:

A petition for review must set forth:
(1) The name and mailing address of the petitioner;
(2) The name and mailing address of the petitioner's attorney, if any;
(3) The name and mailing address of the agency whose action is at issue;
(4) Identification of the agency action at issue, together with a duplicate copy, summary, or brief description of the agency action;
(5) Identification of persons who were parties in any adjudicative proceedings that led to the agency action;
(6) Facts to demonstrate that the petitioner is entitled to obtain judicial review;
(7) The petitioner's reasons for believing that relief should be granted; and
(8) A request for relief, specifying the type and extent of relief requested.
[4] See In re Albrecht, ___ Wash.2d ___, 51 P.3d 73 (2002) (court's main objective in construing a statute is to carry out legislature's intent); Isla Verde Intern. Holdings v. City of Camas, 146 Wash.2d 740, 49 P.3d 867, 877 (2002) (court's fundamental objective in interpreting a statute is to ascertain and carry out legislature's intent).
[5] Kitsap County v. Moore, 144 Wash.2d 292, 26 P.3d 931 (2001) (absurd reading should be avoided); State ex rel. Evergreen Freedom Foundation v. Washington Education Ass'n, 140 Wash.2d 615, 999 P.2d 602 (2000) (same); State v. Refuerzo, 102 Wash.App. 341, 348, 7 P.3d 847 (2000) (same).
[6] RCW 36.70A.300(5).
[7] Cf. Cossel v. Skagit County, 119 Wash.2d 434, 437, 834 P.2d 609 (1992) (RCW 36.01.050 and RCW 4.12.020 "are complementary," and plaintiff may select venue under either) (quoting Johanson v. Centralia, 60 Wash.App. 748, 750, 807 P.2d 376 (1991)).
[8] Throughout this opinion, we use the words "commence" and "institute" synonymously. To commence is "to begin, institute or start." BLACK'S LAW DICTIONARY 268 (6th ed.1990). To institute is "to inaugurate or commence, as to institute an action." BLACK'S LAW DICTIONARY 800 (6th ed.1990). The Washington Supreme Court recognized this equivalence in Cossel v. Skagit County, 119 Wash.2d at 436, 834 P.2d 609.
[9] State ex rel. Evergreen Freedom Foundation v. Washington Education Ass'n, 140 Wash.2d 615, 639, 999 P.2d 602 (2000); Harmon v. Dep't of Soc. & Health Servs., 134 Wash.2d 523, 542, 951 P.2d 770 (1998).
[10] Harman v. Pierce County Bldg. Dep't, 106 Wash.2d 32, 36, 720 P.2d 433 (1986); International Commercial Collectors v. Carver, 99 Wash.2d 302, 307, 661 P.2d 976 (1983).
[11] Unless, of course, the county files its appeal on the thirtieth day.
[12] Laws of 1995, ch. 292, § 9.
[13] Lewis County bases this proposition on bill reports prepared by legislative staff. H.B. Rep. (S.B.1692) (Wash. March 8, 1995); S.B. Rep. (S.B.1692) (Wash. March 28, 1995); Final Report (effective July 23, 1995). Although these reports show a general intent not to assess new fees, they cannot override the legislature's specific amendments related to GMHB appeals, where those amendments show specific intents (a) to bring GMHB appeals under the APA and (b) to require payment of filing fee for APA appeals. See text accompanying note 16.
[14] Lewis County acknowledges that a county must pay a filing fee at some unspecified time. State ex rel. Hamilton v. Ayer, 194 Wash. 165, 169, 77 P.2d 610 (1938) (although the state "entitled to have its summons and complaint filed without paying the filing fees in advance," it was also required to pay those fees at some unspecified time); Dep't of Labor & Indus. v. Ayer, 185 Wash. 310, 311, 54 P.2d 1019 (1936) (former RCW 4.84.170 "does not relieve the state from liability for costs, but only for paying them in advance").
[15] Before 1995, RCW 36.70A.300(5) provided that a party aggrieved by a GMHB's final order had to appeal to Thurston county. Laws 1991, Special Session, Chapter 32, section 11. Thus, if a county other than Thurston was aggrieved by a GMHB's final order, it would incur a filing fee not with its own clerk, but with the Thurston County clerk. It is not clear to us that RCW 36.18.060 permitted the Thurston county clerk not to collect a filing fee incurred by any county, as opposed to a filing fee incurred by Thurston county. Except for RCW 36.18.060, Lewis County offers no argument or authority in support of its first proposition.
[16] The amendments that show an intent to bring GMHB appeals under the APA are Laws of 1995, ch. 347, § 110(5) and Laws of 1995, ch. 347, § 113(1). Shown in strike-out form, chapter 347, section 110(5) provides:

(5) Any party aggrieved by a final decision of the hearings board may appeal the decision to ((Thurston county)) superior court as provided in RCW 34.05.514 or 36.01.050 within thirty days of the final order of the board.
Chapter 347, Section 113(1) provides:
(1) Except as provided in subsection (2) of this section ((and RCW 36.70A.300(3))), proceedings for review under this chapter shall be instituted by filing a petition in the superior court, at the petitioner's option, for (a) Thurston county, (b) the county of the petitioner's residence or principal place of business, or (c) in any county where the property owned by the petitioner and affected by the contested decision is located.
See also RCW 34.05.510 (providing that APA is exclusive means for seeking judicial review of administrative order). The amendments that show an intent to charge a filing fee for APA appeals are Laws of 1995, ch. 292, § 9(1), and Laws of 1995, ch. 292, § 10(2)(c).
Chapter 292, section 9(1) provides:
(1) Except as provided in subsection (2) of this section ((and RCW 36.70A.300(3))), proceedings for review under this chapter shall be instituted by paying the fee required under RCW 36.18.020 and filing a petition in the superior court, at the petitioner's option, for (a) Thurston county, (b) the county of the petitioner's residence or principal place of business, or (c) in any county where the property owned by the petitioner and affected by the contested decision is located.
Chapter 292, section 10(2)(c) provides:
(2) Clerks of superior courts shall collect the following fees for their official services: ...
(12))) (c) For filing of a petition for judicial review as required under RCW 34.05.514 a filing fee of one hundred ten dollars.
[17] Seattle Seahawks v. King County, 128 Wash.2d 915, 917, 913 P.2d 375 (1996) (under CR 3 and RCW 4.28.020, "civil action is commenced by filing [a complaint] or by service of the summons and complaint"); State v. Ashbaugh, 90 Wash.2d 432, 436-37, 583 P.2d 1206 (1978) (under some former appellate rules, appeal was commenced only if filing fee was paid; under other former appellate rules, appeal was commenced regardless of whether a filing fee was paid); Myers v. Harris, 82 Wash.2d 152, 154, 509 P.2d 656 (1973) (due to wording of former CAROA 33, notice of appeal and payment of filing fee were both "jurisdictional prerequisites"); Graham Thrift Group v. Pierce County, 75 Wash.App. 263, 267, 877 P.2d 228 (1994); In re Estate of Crane, 15 Wash.App. 161, 162-63, 548 P.2d 585 (1976) (under RCW 11.24.010, filing of petition, but not payment of filing fee, is a jurisdictional prerequisite); cf. Margetan v. Superior Chair Craft Co., 92 Wash.App. 240, 246, 963 P.2d 907 (1998) (for purposes of RCW 4.16.170, action is commenced by filing complaint, but complaint is not deemed filed until required filing fee is paid).
[18] E.g., RCW 4.28.020 (from "time of commencement of the action[,]" a court "is deemed to have acquired jurisdiction"); Seattle Seahawks, 128 Wash.2d at 917, 913 P.2d 375 ("Once an action is commenced, `the court is deemed to have acquired jurisdiction.'"); State v. Sponburgh, 84 Wash.2d 203, 206, 525 P.2d 238 (1974) ("From the time an action is commenced, the superior court acquires jurisdiction."); State v. Franks, 105 Wash.App. 950, 955, 22 P.3d 269 (2001); State v. Corrado, 78 Wash.App. 612, 615, 898 P.2d 860 (1995), review denied, 138 Wash.2d 1011, 989 P.2d 1138 (1999). In Franks, Division One criticizedquite correctlyour use of the term "subject matter jurisdiction" in Corrado. We should have said "jurisdiction," not "subject matter jurisdiction." Our mistake was semantic, not substantive, and it did not affect Corrado's reasoning or result.
[19] E.g., Glass v. Windsor Navigation Co., 81 Wash.2d 726, 727-28, 504 P.2d 1135 (1973) (under former CAROA 15, appellate court "does not acquire jurisdiction of an appeal in a civil cause" unless notice of appeal is filed "within the requisite 30 days after entry of judgment"); State v. Wells, 7 Wash.App. 553, 556, 500 P.2d 1012 (1972) (under former CAROA 15, "Court of Appeals acquires jurisdiction of a cause by the timely filing of a notice of appeal"); see Myers, 82 Wash.2d at 154, 509 P.2d 656 (under former CAROA 33, Court of Appeals "obtain[s] jurisdiction" only if appellant files proper notice of appeal and pays filing fee).
[20] Graham Thrift Group, 75 Wash.App. at 268, 877 P.2d 228 (appellant's "failure to timely pay the filing fee acts as a jurisdictional bar to its appeal"). We pause to emphasize what should be apparent by now: that this holding is based on the combined and very particular wording of RCW 36.70A.300(5) (stating that a GMHB appeal may be taken within 30 days) and RCW 34.05.514(1)(stating that an appeal "shall be instituted" by paying a filing fee and filing a petition for judicial review). This holding does not apply to any statute or rule that has different wording.
[21] Compare Graham Thrift Group, 75 Wash.App. at 268, 877 P.2d 228 (appellant's "failure to timely pay the filing fee acts as a jurisdictional bar to its appeal") with Ashbaugh, 90 Wash.2d at 438-39, 583 P.2d 1206 (allowing waiver of filing fee; non-payment seems not to have been jurisdictional) and Griffith v. City of Bellevue, 130 Wash.2d 189, 190, 922 P.2d 83 (1996) (allowing waiver of verification that was not jurisdictional; superior court "acquired jurisdiction when the petition and defective verification were timely filed").
[22] Myers v. Harris, 82 Wash.2d at 155, 509 P.2d 656; Scannell v. State, 128 Wash.2d 829, 835, 912 P.2d 489 (1996).
[23] Compare Myers, 82 Wash.2d at 152, 509 P.2d 656; Ashbaugh, 90 Wash.2d at 438-39, 583 P.2d 1206; and Scannell, 130 Wash.2d at 835, 928 P.2d 1054. In each of those cases, the court waived a court rule, not a statute.
[24] Graham Thrift Group, Inc. v. Pierce County, 75 Wash.App. at 268-69, 877 P.2d 228 (citations omitted).
[25] Compare Myers, 82 Wash.2d at 153, 509 P.2d 656 (new rule took effect Sept. 1, 1972; appellants attempted to appeal not long after, for Supreme Court's opinion was filed Apr. 26, 1973); Scannell, 128 Wash.2d at 833, 912 P.2d 489 (rule amended Sept 1.1994; appellant attempted to appeal Nov. 22, 1994); Ashbaugh, 90 Wash.2d at 439, 583 P.2d 1206 (RAPs took effect Jul. 1, 1976 [see 86 Wash.2d 1133]; appellant attempted to appeal Jul. 15, 1976).
[26] Compare Scannell v. State, 128 Wash.2d at 834, 912 P.2d 489 (appellant confused by change in court rule).
[27] CP 102, lines 3-4 (on May 5, 1999, county filed petitionand paid filing feein cause styled Lewis County v. Western Washington Management Hearings Board, number XX-X-XXXXX-X).