[No. 31783.   Department Two.   July 10, 1952.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN CAUGHLAN,
*Appellant.*[1]

C. T. Hatten, Fred Schlick, and John Caughlan, for appellant.

Charles O. Carroll and Robert H. Van Eaton, for respondent.

SCHWELLENBACH, C. J.—This is an appeal from an order
of the superior court for King county, dismissing an appeal

[1]Reported in 246 P. (2d) 485.

from a judgment of King county Justice of the Peace Dell Lampman, adjudging appellant, John Caughlan, to be in contempt of court. The dismissal was based on lack of diligent prosecution on the part of the appellant.

In order to understand the problem confronting us, we deem it advisable to set down in chronological order the following matters appearing of record in the superior court for King county:

| | |
|---|---|
| April 12, 1950 | Judgment of Dell Lampman, King County Justice of the Peace, dated April 5, 1950, adjudging John Caughlan guilty of contempt and sentencing him to two days in the King County jail. |
| April 12, 1950 | Appeal bond executed April 6, 1950 by Caughlan, as principal, and two sureties. (Note: No notice of appeal in record.) |
| October 5, 1950 | Notice of Issue of Fact and Note for Trial Docket to be brought on October 14, 1950, signed by Caughlan's attorney. |
| February 3, 1951 | Minute entry showing case set for trial March 15, 1951. |
| March 2, 1951 | Motion of state to dismiss appeal because not perfected as required by law. (Affidavit of Deputy Prosecutor states that "notice of Appeal was timely made.") |
| March 7, 1951 | Affidavits of Caughlan and C. T. Hatten in opposition to above motion. |
| March 7, 1951 | Minutes of Presiding Judge, Honorable James W. Hodson, denying state's motion. |
| March 15, 1951 | Motion of defendant to set aside judgment of Justice of the Peace Lampman, and to dismiss complaint. |
| March 15, 1951 | Minutes of Superior Court for King County, Honorable Robert M. Jones, presiding. Motion of defendant to set aside judgment denied. Motion of state to dismiss for want of jurisdiction granted. |
| March 19, 1951 | Motion of state to dismiss appeal for failure to comply with special rule No. 31-B for Superior Court of King County. |
| March 19, 1951 | Notice of issue of above motion, by state, to be heard March 22, 1951. |
| March 19, 1951 | Transcript of Judgment of Justice Court filed. (Note: Same as judgment filed April 12, 1950, except that this was certified by Justice of the Peace Lampman and that there was added thereto |

over Lampman's signature: "appeal bond set at $100; commitment written; appeal bond posted.")

March 19, 1951 Minute entry of Honorable Robert M. Jones' court. Moved by counsel for defendant that order for dismissal be deferred. Continued to March 24th.

March 22, 1951 Affidavit of defendant in opposition to Motion to Dismiss.

March 22, 1951 Order of Superior Court for King County, Honorable James W. Hodson, presiding, dismissing appeal because not diligently prosecuted.

March 22, 1951 Minutes of Honorable James W. Hodson, presiding judge. Defendant renews his motion to set aside judgment and dismiss appeal. Denied. Upon signing of judgment, defendant gives oral notice of appeal.

March 24, 1951 Order dismissing appeal for lack of jurisdiction in the superior court signed and entered by Honorable Robert M. Jones. (There is no appeal from this order.)

Appellant makes the following assignments of error:

1. The court erred in denying his motion to set aside the judgment of the justice of the peace for lack of jurisdiction. (March 15, 1951.)

2. The court erred in denying his renewed motion on the same grounds. (March 22, 1951.)

3. The court erred in granting respondent's motion to dismiss for lack of jurisdiction in the superior court. (Granted orally on March 15th, order of dismissal entered March 24th.)

4. The court erred in considering respondent's motion to dismiss for lack of prosecution (March 22, 1951) while the cause was still pending before another department of the same court.

5. The court erred in entering judgment of dismissal for lack of prosecution within seven days after the cause had come on for trial in the superior court, and a trial had commenced, and the matter was still pending before the trial judge.

The first two assignments of error go to the merits of the case, and in view of our disposition of this appeal it will be unnecessary to discuss them.

With respect to assignment No. 3, appellant cannot urge error on Judge Jones' granting respondent's motion to dismiss for lack of jurisdiction in the superior court. That order of dismissal was not appealed from. Furthermore, it was signed and entered March 24, 1951, after the order of March 22nd (from which this appeal is taken) was entered,

and is therefore not an intermediate order which could be considered on appeal.

■ Assignment of error No. 4 is not well taken. Although there are sixteen departments in the superior court for King county, each department presided over by a different judge, there is only one superior court for King county, and the authority of all of the judges therein is identical. *State ex rel. Campbell v. Superior Court*, 34 Wn. (2d) 771, 210 P. (2d) 123; *State ex rel. Lytle v. Superior Court*, 54 Wash. 378, 103 Pac. 464.

■ The appeal from the conviction in justice court was assigned to Judge Jones. The state should have submitted any further matters in connection with that appeal to him, rather than to the presiding judge, especially in view of the fact that Judge Jones then had pending before him another motion to dismiss. If that had been done, much of the confusion in this case would have been eliminated. But, although the parties had moved to a different pew, they were still in the same church. Furthermore, appellant renewed his prior motion (which had been denied by Judge Jones) before the presiding judge, and made no objection to appearing before him. Not having objected to the matter being heard before the presiding judge, appellant cannot urge error in connection therewith on appeal.

■ The only question remaining is whether the trial court erred in dismissing the appellant's appeal from justice court for lack of diligent prosecution. The dismissal of such an appeal rests largely within the discretion of the trial court. *State v. Moore*, 15 Wn. (2d) 460, 131 P. (2d) 148.

The appeal to the superior court from a judgment of a justice court is governed, in part, by the following statutes.

Rem. Rev. Stat., § 1919 [P.P.C. § 148-23], provides in part:

"Every person convicted before a justice of the peace of any offense may appeal from the judgment, within ten days thereafter, to the superior court. . . ."

Rem. Rev. Stat., § 1921 [P.P.C. § 148-27], provides:

"Upon an appeal being taken in a criminal action, the justice shall require the witnesses to give recognizances for their appearance in the superior court, or if they are not present, indorse their names on the copy of proceeding. He shall, on such appeal, make and certify a copy of the conviction and other proceedings in the case, and transmit the same, together with the recognizance and an abstract bill of the costs, to the clerk of the court appealed to, who shall issue a subpoena for the witnesses, if they are not under recognizance."

Rem. Rev. Stat., § 1920 [P.P.C. § 148-25], provides in part:

". . . If the appellant shall fail to enter and prosecute his appeal, he shall be defaulted on his recognizance, if any was taken, and the superior court may award sentence against him for the offense whereof he was convicted, in like manner as if he had been convicted thereof in that court; and if he be not then in custody, process may be issued to bring him into court to receive sentence."

The burden rests upon the appellant to prosecute his appeal with diligence, and there is no duty upon the prosecuting attorney to expedite the filing of the transcript. *State v. Moore, supra.* In *State v. Berg*, 111 Wash. 422, 191 Pac. 400, in affirming an order of the superior court dismissing an appeal from a conviction before a justice of the peace for want of diligent prosecution, this court said:

"The statute manifestly contemplates that an appeal and the prosecution thereof from a criminal conviction shall be taken and had with reasonable dispatch. The appeal is initiated by the defendant and for his own benefit. It is his duty to make a reasonable effort not only to get his appeal perfected, but to prosecute it after it is once fully in the superior court. In this case the delay was caused by the justice of the peace failing, for a period of about six months, to send to the superior court a transcript of his records. Doubtless the delay was the result of an oversight on the part of the justice, but the record fails to show any effort on the part of the appellant to get the record filed."

The copy of the judgment finding appellant guilty of contempt, which was filed in the superior court April 12,

1950, was not certified by the justice of the peace. It was not a proper transcript as required by Rem. Rev. Stat., § 1921. After the hearing before Judge Jones, and on March 19, 1951, without obtaining permission from Judge Jones or any other judge of the superior court, appellant filed a transcript certified by the justice of the peace. Under the circumstances, this could not be considered as an amendment of the papers filed April 12, 1950. The first legal transcript of the proceedings before Justice of the Peace Lampman on April 5, 1950, was filed March 19, 1951. Assuming that the appeal was properly taken by giving notice of appeal, the certified transcript was not filed within a reasonable time and the presiding judge did not abuse his discretion in ruling that appellant had not diligently prosecuted his appeal.

The order of dismissal appealed from is affirmed.

HILL, HAMLEY, FINLEY, and OLSON, JJ., concur.