[No. 63047-4-I.   Division One.   March 22, 2010.]

PUGET SOUND ENVIRONMENTAL CORPORATION, *Respondent*, v. EVERETT SHIPYARD, INC., *Appellant*.

*John P. Hayes* and *Paul S. Smith III* (of *Forsberg & Umlauf PS*), for appellant.

*Leslie C. Terry III*; and *Richard N. Boe* (of *A Boe Law Firm PS*), for respondent.

¶1 SCHINDLER, C.J. — Puget Sound Environmental Corporation (PSE) sued Everett Shipyard Inc. (ES) for breach of contract. Based on the contract provision that required the parties to arbitrate disputes, the superior court entered an order compelling arbitration and stayed the case pending the arbitration. Because PSE did not pay its proportionate share of the mandatory deposit for arbitration, the arbitrator closed the case. The court dismissed the lawsuit under CR 41(b) and entered a judgment awarding attorney fees and costs to ES. Almost a year later, PSE filed a motion under CR 60(b) to vacate the order of dismissal and the judgment awarding attorney fees. The court granted the motion to vacate "[s]olely on the basis of lack of subject matter jurisdiction. . . ." Because the court erred in ruling that it did not have jurisdiction to enter the order of dismissal and the judgment awarding attorney fees after entering the order to compel arbitration and stay the proceedings, we reverse.

## FACTS

¶2 The United States Navy awarded ES a contract to clean the USS *Constellation*. ES entered into a subcontract with PSE. The contract between ES and PSE required the parties to submit disputes to arbitration with the American Arbitration Association (AAA):

> **11. Choice of Law and Arbitration.** This agreement shall be governed in accordance with the laws of the State of Washington without regard to conflict of law principles. In the event of any dispute under this AGREEMENT or any ORDER that is not governed by the protest provisions or other similar provisions of this AGREEMENT, the parties agree to first attempt to resolve such issues by a meeting in person between their respective presidents and/or chief executive officers. If following such meeting no resolution is reached, the parties agree to submit such dispute to arbitration in accordance with the American Arbitration Association rules. The parties agree that there shall be a single arbitrator and that they will work in good faith to promptly agree such [sic] arbitrator. In the event of any such arbitration, enforcement of judgement or any other permitted legal action under this AGREEMENT or any ORDER, the parties agree that the prevailing party shall be entitled to payment for all costs and expenses, including reasonable legal fees together with interest on such amount at one and one-half percent (1.5%) per month.

¶3 A dispute arose over the amount ES owed PSE. PSE filed a breach of contract lawsuit alleging that ES owed $206,429.69. ES filed a counterclaim for an offset of $60,000.00. ES asserted as an affirmative defense that the dispute was subject to mandatory arbitration under the contract.

¶4 On September 25, 2006, ES filed a motion to stay the proceedings and compel arbitration based on the mandatory arbitration provision in the contract. PSE did not oppose the motion. On October 4, the court granted the motion and stayed further proceedings in the case pending the arbitration.

IT IS HEREBY ORDERED that defendant Everett Shipyard Inc.'s motion is GRANTED.

It is FURTHER ORDERED that further proceedings in this case are stayed and the parties shall participate in arbitration pursuant to their contractual agreement to arbitrate all disputes before a single arbitrator under the rules of the American Arbitration Association.

¶5 On October 27, ES filed a "Demand for Arbitration" and paid its share of the filing fee as required by the AAA rules for commercial arbitration. PSE did not pay its share of the filing fee.

¶6 On November 13, PSE filed a motion to lift the stay, arguing that the contract with ES was not governed by the arbitration provision in the contract. ES filed a cross motion, requesting an order compelling PSE to comply with the October 4 order to participate in arbitration.

¶7 On November 21, the court denied PSE's motion to lift the stay, granted the cross motion, and ordered PSE to participate in arbitration and pay its share of the AAA filing fee.

It is FURTHER ORDERED that plaintiff Puget Sound Environmental Corporation shall fully participate in arbitration proceedings before and under the rules of the American Arbitration Association and that plaintiff shall within five days of this order tender all required fees to the American Arbitration Association in an amount not less the [sic] $1,375.

¶8 PSE complied with the order and paid its share of the filing fee. In April 2007, ES paid its portion of the mandatory deposit necessary to proceed with the arbitration. PSE did not pay its portion of the mandatory deposit.

¶9 On April 24, AAA notified the parties that the arbitration would be suspended or terminated if the deposit was not paid in full by May 8. On May 15, AAA notified the parties that the case was suspended and the case would be closed if the deposit was not paid by June 14. On July 10, AAA notified the parties that it was closing the case because PSE did not pay its share of the mandatory deposit.

¶10 On September 12, ES filed a motion under CR 41(b) to dismiss PSE's lawsuit with prejudice based on PSE's failure to comply with the order to arbitrate the dispute under the AAA rules. PSE did not oppose the motion to dismiss.

¶11 On November 19, the court dismissed PSE's lawsuit against ES. On November 29, the court entered a judgment against PSE for attorney fees and costs in the amount of $36,831.41. PSE did not appeal the order of dismissal or the judgment awarding attorney fees and costs.

¶12 Almost a year later, on November 10, 2008, PSE filed a motion under CR 60(b) to vacate the order of dismissal and the judgment awarding attorney fees and costs. PSE argued that the superior court lacked subject matter jurisdiction and, in the alternative, that the court erred in prematurely dismissing the case without allowing PSE enough time to proceed to arbitration.

¶13 On January 8, 2009, the court entered an order vacating the order of dismissal and the judgment awarding attorney fees. The court ruled that "it no longer had subject matter jurisdiction over this matter" after entering the order compelling PSE to arbitrate under the AAA rules and staying the proceedings pending the arbitration. The court vacated the order of dismissal and the judgment awarding attorney fees "[s]olely on the basis of lack of subject matter jurisdiction."[1] ES appeals.

## ANALYSIS

¶14 ES contends the court erred in ruling that it lacked subject matter jurisdiction to enter the order of dismissal and judgment awarding attorney fees. PSE asserts that the mandatory arbitration provision in the contract divested the court of subject matter jurisdiction over the case except to compel arbitration, or to confirm, vacate, or

---

[1] The court also ruled that there was no basis for vacating the orders under CR 60(b)(1).

modify an arbitration award. In the alternative, PSE contends that the court erred in dismissing the lawsuit because the arbitrator only suspended and did not terminate the arbitration.

¶15 Whether a court has subject matter jurisdiction is a matter of law that we review de novo. *Crosby v. Spokane County*, 137 Wn.2d 296, 301, 971 P.2d 32 (1999).

¶16 The uniform arbitration act, chapter 7.04A RCW, governs agreements to arbitrate. *Optimer Int'l, Inc. v. RP Bellevue, LLC*, 151 Wn. App. 954, 960-61, 214 P.3d 954 (2009). In 2005, the legislature adopted the uniform arbitration act of 2005 (Act) and repealed the prior statutory framework governing arbitration, former chapter 7.04 RCW. Laws of 2005, ch. 433. The Act applies retroactively to all arbitration agreements. RCW 7.04A.030(2). The Act is based on the Uniform Arbitration Act adopted in 2000 by the National Conference of Commissioners on Uniform State Laws. *Optimer*, 151 Wn. App. at 960.

¶17 Under RCW 7.04A.060(2), the court determines whether there is an enforceable agreement to arbitrate: "The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate." Parties to a contract that agree to arbitrate "affirmatively invoke the jurisdiction of Washington courts to facilitate and enforce the arbitration." *Godfrey v. Hartford Cas. Ins. Co.*, 142 Wn.2d 885, 896, 16 P.3d 617 (2001).

¶18 RCW 7.04A.260(1) provides in pertinent part, "A court of this state having jurisdiction over the dispute and the parties may enforce an agreement to arbitrate." Following arbitration, the prevailing party files a motion with the court to confirm the arbitration award. RCW 7.04A.220. The court shall issue an order confirming the award unless the court modifies, corrects, or vacates the award under the limited circumstances set forth in RCW 7.04A.200, .240, or .230.

¶19 Under RCW 7.04A.070(6), if the court orders the parties to arbitrate, the court must stay the proceedings pending arbitration.

If the court orders arbitration, the court shall on just terms stay any judicial proceeding that involves a claim subject to the arbitration. If a claim subject to the arbitration is severable, the court may sever it and limit the stay to that claim.

¶20 Here, there is no dispute that the arbitration agreement is valid and enforceable, or that the court ordered the parties to arbitrate under the AAA rules and stayed the court proceedings pending arbitration. "[F]urther proceedings in this case are stayed and the parties shall participate in arbitration pursuant to their contractual agreement to arbitrate all disputes before a single arbitrator under the rules of the American Arbitration Association."

¶21 RCW 7.04A.070(1) governs the court's authority to compel arbitration based on a party's refusal to arbitrate. RCW 7.04A.070(1) provides:

On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement, the court shall order the parties to arbitrate if the refusing party does not appear or does not oppose the motion. If the refusing party opposes the motion, the court shall proceed summarily to decide the issue. Unless the court finds that there is no enforceable agreement to arbitrate, it shall order the parties to arbitrate. If the court finds that there is no enforceable agreement, it may not order the parties to arbitrate.

¶22 Consistent with RCW 7.04A.070(1), the court granted ES's motion to compel arbitration and entered an order requiring PSE to participate in the arbitration. "[P]laintiff Puget Sound Environmental Corporation shall fully participate in arbitration proceedings before and under the rules of the American Arbitration Association and . . . plaintiff shall within five days of this order tender all required fees to the American Arbitration Association in an amount not less the [sic] $1,375."

¶23 Although PSE paid its share of the filing fee, it is undisputed that PSE did not pay its share of the mandatory deposit required by AAA in order to proceed with the

arbitration. The arbitrator closed the case because PSE did not pay the mandatory deposit.

¶24 ES filed a motion to dismiss the lawsuit under CR 41(b) based on PSE's failure to comply with the order compelling arbitration. PSE did not oppose the motion to dismiss. The court dismissed the lawsuit and awarded attorney fees and costs to ES.

¶25 Nearly a year later, PSE filed a motion to vacate under CR 60(b), arguing the court lacked jurisdiction to enter the order of dismissal and judgment awarding attorney fees. The court granted PSE's motion to vacate. The court concluded that based on entry of the previous order compelling arbitration and staying further proceedings in the case, it lacked jurisdiction to enter the order of dismissal. The court's conclusions of law state in pertinent part:

3. After this Court's order of November 21, 2006, it no longer had subject matter jurisdiction over this matter.

4. When PSE failed or was unable to participate in arbitration it was in violation of this Court's order compelling arbitration.

5. Because this Court did not have subject matter jurisdiction over this matter, its orders of November 9, 2007 and November 28, 2007 have no effect.

6. PSE's challenge to subject matter jurisdiction is well taken. Solely on the basis of lack of subject matter jurisdiction, this Court vacates its orders of November 9, 2007 and November 28, 2007 as set forth in its Order entered January 2, 2009 over [ES's] objection.

¶26 We hold the court erred in ruling that it did not have jurisdiction based on entry of the order compelling arbitration and staying the proceedings pending the arbitration. An order staying the proceedings pending the arbitration is a temporary suspension of the proceedings in court. *In re Koome*, 82 Wn.2d 816, 819, 514 P.2d 520 (1973). During the stay, the superior court still retains jurisdiction over the case. RCW 7.04A.260. There is no dispute that

based on PSE's failure to pay its share of the mandatory arbitration fee, AAA closed the arbitration case. When the arbitration did not go forward, the stay was no longer in effect. The decision to vacate the order granting the motion to dismiss and the award of attorney fees on the grounds that the court did not have subject matter jurisdiction over the case based on the order compelling arbitration and staying the proceedings pending the arbitration is erroneous.

¶27 In the alternative, PSE argues the court erred in entering the order of dismissal because AAA only suspended, and did not terminate, the arbitration. The record does not support PSE's argument.

¶28 On April 24, 2007, the AAA case manager notified the parties that the arbitration would be suspended or terminated if the deposit was not paid: "Pursuant to the Rules, the arbitrator may determine to suspend or terminate this proceeding should any deposits remain outstanding."

¶29 On May 15, 2007, the AAA case manager notified the parties that the case was suspended because PSE did not pay its share of the mandatory deposit, and the arbitration case file would be closed if the deposit was not paid by June 14. The letter provides in pertinent part:

> As advised in our letter dated April 24, 2007, the arbitrator has suspended this matter as the deposits have not been paid pursuant to the Rules.
>
> As of this date, we have not received the deposit of $12,030.00 to cover the neutral compensation and expenses.
>
> Pursuant to the direction of the arbitrator if deposits are not made on or before June 14, 2007, we shall proceed to close our file.

¶30 On July 10, the AAA case manager notified the parties that AAA was closing the arbitration case file because the deposit was not paid.

> As advised in our previous letter we are of this date closing our files. Please note that the case file will be destroyed six (6) months after the date of this letter.

<... >

The record establishes that AAA did not suspend the arbitration. Rather, AAA closed the case because PSE did not pay the mandatory deposit.

¶31 We reverse the order granting PSE's motion to vacate the order of dismissal under CR 60 and the judgment awarding attorney fees. Under the terms of the contract, ES is entitled to reasonable attorney fees upon compliance with RAP 18.1.[2]

APPELWICK and LAU, JJ., concur.

Review denied at 170 Wn.2d 1006 (2010).

---

[2] The contract provides in pertinent part:

In the event of any such arbitration, enforcement of judgement [sic] or any other permitted legal action under this AGREEMENT or any ORDER, the parties agree that the prevailing party shall be entitled to payment for all costs and expenses, including reasonable legal fees together with interest on such amount at one and one-half percent (1.5%) per month.