IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for Saxon Asset Securities Trust 2006-2 Mortgage Loan Asset Backed Certificates Series 2006-2,<br><br>               Respondent,<br><br>        v.<br><br>MICHAEL SHIELDS and BONNIE SHIELDS,<br><br>               Appellants,<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY; SAXON MORTGAGE, INC., all occupants of the premises; and all other persons or parties unknown claiming any right, title, estate, lien, or interest in the real estate described in the complaint herein,<br><br>               Defendants. | No. 80913-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — Michael and Bonnie Shields appeal the denial of their motion to vacate a foreclosure judgment as void. Shields contends that the court that granted the foreclosure did not have jurisdiction because a different judge at the superior court had stayed proceedings in a related action. Because the court had jurisdiction over the foreclosure action and the related proceedings were stayed only as to a third party, we affirm.

Citations and pin cites are based on the Westlaw online version of the cited material.

FACTS

Michael Shields took out a mortgage in 2006 against a home (property) which his sister Bonnie was living in. Shields explains that this mortgage was granted on different terms than those Shields had agreed to, and the mortgage was ultimately the source of significant dispute and litigation. In 2008, Shields defaulted on the loan. Deutsche Bank National Trust Company, the holder of the deed of trust for the property, initiated several trustee sales which were subsequently discontinued.

In 2012, Shields filed a lawsuit in King County Superior Court against several parties, including Deutsche Bank and Regional Trustee Services Corporation,[1] the purported trustee for the property. Shields's lawsuit sought to enjoin the pending nonjudicial foreclosure sale and alleged that the defendants had violated the Washington Consumer Protection Act (CPA), chapter 19.86 RCW, through misrepresentations regarding the transfer of the mortgage promissory note and the basis for the foreclosure proceeding. Two days later, Regional discontinued the pending trustee's sale.

On July 25, 2014, the trial court for the 2012 action granted a motion for summary judgment which purported to dismiss all claims against Deutsche Bank but not against Regional. The order did not include any findings, as provided for in CR 54(b), that there was no just reason for delay. On August 5, the court entered an order appointing a receiver for Regional, and the case was stayed

---

[1] Regional later changed its name to Old RTSC Corp. For simplicity, we refer to it as "Regional."

2

pursuant to RCW 7.60.110.

On August 15, 2014, Deutsche Bank filed a judicial foreclosure action against Shields, also in King County Superior Court, but the action was assigned to a different judge. Regional was not listed as a party. On February 10, 2016, the trial court for the 2014 action granted Deutsche Bank's motion for summary judgment and entered a decree of foreclosure.

On April 8, 2016, Shields filed an appeal of the foreclosure order. On April 13, 2016, Shields's 2012 CPA lawsuit, which had been largely inactive since the stay was ordered, was dismissed without prejudice.

We affirmed the foreclosure order. Deutsche Bank Nat'l Tr. Co. for Saxon Asset Sec. Tr. 2006-2 Mortgage Loan Asset Backed Certificates Series 2006-2 v. Shields, No. 75044-5-I (Wash. Ct. App. Oct. 2, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/750445.PDF. On July 27, 2018, we issued a mandate terminating review. Subsequently, Shields filed a motion to vacate the foreclosure order, contending that the order was void because the 2014 court did not have jurisdiction to hear the case. The trial court denied the motion to vacate, holding that the 2014 court had proper jurisdiction over Deutsche Bank's 2014 foreclosure action. Shields appeals.

ANALYSIS

Shields contends that the trial court erred in denying the motion to vacate. Shields asserts that the foreclosure order was void because the 2012 court retained jurisdiction over the parties and the property until the 2012 action was dismissed. Shields also contends Deutsche Bank could not file its foreclosure

complaint while the 2012 action was stayed. We disagree.

### Standard of Review

Generally, a trial court's order on a motion to vacate is reviewed for abuse of discretion. Larson v. State, 9 Wn. App. 2d 730, 744, 447 P.3d 168 (2019), review denied, 194 Wn.2d 1019 (2020). However, courts have "a nondiscretionary duty to vacate void judgments." Leen v. Demopolis, 62 Wn. App. 473, 478, 815 P.2d 269 (1991). Therefore, we review a decision whether to vacate a judgment for voidness de novo. Ahten v. Barnes, 158 Wn. App. 343, 350, 242 P.3d 35 (2010) (quoting Dobbins v. Mendoza, 88 Wn. App. 862, 871, 947 P.2d 1229 (1997)).

CR 60(b)(5) permits a court to vacate a judgment if the judgment is void. A court's judgment is void if the court "'lacks jurisdiction of the parties or of the subject matter, or . . . lacks the inherent power to make or enter the particular order involved.'" Metro. Fed. Sav. & Loan Ass'n of Seattle v. Greenacres Mem'l Ass'n, 7 Wn. App. 695, 699, 502 P.2d 476 (1972) (quoting Robertson v. Commonwealth, 181 Va. 520, 536, 25 S.E.2d 352 (1943)). However, if a court has jurisdiction, "'no error in the exercise of such jurisdiction can make the judgment void.'" Greenacres, 7 Wn. App. at 700 (quoting Dike v. Dike, 75 Wn.2d 1, 8, 448 P.2d 490 (1968)). Accordingly, the question of whether an order is void does not depend on whether it was rightly decided, but only on whether the court had jurisdiction to enter it.

### Trial Court's Jurisdiction To Hear the Foreclosure Action

Shields contends that the 2014 court did not have jurisdiction to hear

Deutsche Bank's 2014 action because Deutsche Bank was still a party to the 2012 action when it filed its complaint. We agree that Deutsche Bank was still a party but disagree that the 2014 court did not have jurisdiction.

CR 54(b) addresses judgments in cases with multiple parties and provides that "the court may direct the entry of a final judgment as to . . . fewer than all of the . . . parties only upon an express determination in the judgment, supported by written findings, that there is no just reason for delay and upon an express direction for the entry of judgment." Furthermore, "[i]n the absence of such findings, determination and direction, any order . . . which adjudicates . . . the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the . . . parties." CR 54(b). If these findings have been omitted, the trial court may revise the order to add them on its own motion or on motion of a party. CR 54(b).

"Under the priority of action rule, the trial court which first obtains jurisdiction is the court in which this matter will normally proceed." Seattle Seahawks, Inc. v. King County, 128 Wn.2d 915, 916, 913 P.2d 375 (1996); see also RCW 4.28.020 ("From the time of the commencement of the action . . . the court is deemed to have acquired jurisdiction and to have control of all subsequent proceedings."). Thus, if complaints are filed in two different courts, we will ask whether the actions share the same subject matter, parties, and relief, to determine whether a decision in one court would bar proceedings in the other. In re Matter of 13811 Highway 99, Lynnwood, Washington, 194 Wn. App. 365, 374, 378 P.3d 568 (2016) (quoting Bunch v. Nationwide Mut. Ins. Co., 180 Wn.

5

App. 37, 41-42, 321 P.3d 266 (2014)).

In this case, the order dismissing Deutsche Bank from the 2012 action did not include the findings described in CR 54(b) that there was "no just reason for delay." As such, Shields correctly notes that the order failed to dismiss Deutsche Bank from the action.

Nonetheless, this failure did not strip the 2014 court of authority to hear the 2014 action. Shields does not contend that the superior court as a whole lacked subject matter jurisdiction to hear the 2014 action, only that the 2014 court was precluded from hearing it because Deutsche Bank was still a party to the 2012 action.[2] However, both the 2012 court and the 2014 court are part of the same superior court, and it was the King County Superior Court, not a specific judge, who had jurisdiction over Shields's 2012 action. See State v. Caughlan, 40 Wn.2d 729, 731-32, 246 P.2d 485 (1952) (court did not err by hearing motion to dismiss while case was pending before another department of the same court: "Although there are sixteen departments in the Superior Court for King County, each department presided over by a different judge, there is only one Superior Court for King County, and the authority of all of the judges therein is identical").[3]

_____

[2] We further note that there is no basis to conclude that the court lacked personal jurisdiction over Shields, because the issue of personal jurisdiction is waived if not raised in or before the responsive pleading. CR 12(h)(1).

[3] Jurisdiction is a potentially ambiguous term. In family law cases in particular, a specific judge may sometimes choose to retain "jurisdiction" over a specific matter and instruct parties to bring future disputes before that judge's department. In re Marriage of Rounds, 4 Wn. App. 2d 801, 806, 423 P.3d 895 (2018). This use of the word jurisdiction "does not refer to personal jurisdiction or subject matter jurisdiction." Rounds, 4 Wn. App. 2d at 802 n.1. As such, the retention of jurisdiction in that meaning of the word would not strip another judge

6

Thus, even if we were to conclude that Deutsche Bank's 2014 foreclosure action was substantially the same as Shields's 2012 CPA action, this would not render the 2014 court's order void. While it may have avoided confusion for both actions to be heard before the same judge, there is no basis to conclude the judgment was void under CR 60(b)(5).[4]

Effect of the Stay of Proceedings

Shields contends that the stay of proceedings in Shields's 2012 action stripped the 2014 court of authority to hear the 2014 foreclosure action. We disagree.

RCW 7.60.110(1)(a) provides that the entry of an order appointing a receiver automatically initiates a stay of the "commencement . . . of a judicial . . . proceeding against the person over whose property the receiver is appointed." This stay automatically expires 60 days after the order of appointment is entered unless the court extends it. RCW 7.60.110(2). In some cases, a violation of a stay is considered void. See Brunetti v. Reed, 70 Wn. App. 180, 184, 852 P.2d 1099 (1993) (action taken in violation of a bankruptcy proceeding stay is void); but see Everett Shipyard, Inc. v. Puget Sound Envtl. Corp., 155 Wn. App. 761, 769, 231 P.3d 200 (2010) (superior court retained jurisdiction during stay of proceedings pending arbitration and therefore erred in vacating a dismissal on

---

in the same court of "the inherent power to make or enter the particular order involved." See Greenacres, 7 Wn. App. at 699.

[4] Shields further contends that Deutsche Bank misrepresented facts in the motion to vacate hearing. Because these facts do not affect whether the judgment is void, we need not address this argument. See Reed v. Davis, 65 Wn.2d 700, 709, 399 P.2d 338 (1965) ("We may sustain the trial court on a correct ground not considered by it.").

the basis that it had not had jurisdiction).

In this case, a receiver was appointed over Regional's property, not over Shields's property. As such, the stay prohibited the commencement of certain actions against Regional, but not against Shields. RCW 7.60.110. Because Deutsche Bank's 2014 action did not name Regional as a defendant,[5] it did not violate the stay of proceedings. Thus, the 2014 court's order granting a foreclosure was not void, and the trial court properly denied the motion to vacate.

Shields raises concerns about the effect of racial prejudice associated with mortgage practices when discussing the terms and conditions under which Shields acquired the mortgage. The fact that racism persists in home lending practices, with lasting impacts on the access to housing and wealth available to people of color generally and Black people specifically, has been explored in legal and academic scholarship.[6] While this reality should be kept in mind when

---

[5] Shields contends that because Deutsche Bank included as a defendant "all other persons or parties unknown claiming any right, title, estate, lien, or interest in the real estate described in the complaint herein," Regional was a party to the 2014 action. This statement was added pursuant to RCW 4.28.150, which provides for service by publication for unknown entities, and does not apply to Regional, whose role as trustee was known. Regional served as a trustee for the previously attempted nonjudicial foreclosure and did not have a role in the judicial foreclosure. See Klem v. Washington Mut. Bank, 176 Wn.2d 771, 789-90, 295 P.3d 1179 (2013) (In a judicial foreclosure, as opposed to a nonjudicial foreclosure, the judge takes the role of the trustee as the impartial third party to the sale.).

[6] See, e.g., Benjamin Howell, Exploiting Race and Space: Concentrated Subprime Lending as Housing Discrimination, 94 CALIF. L. REV. 101, 102 (2006) ("Where lending discrimination once took a binary form—bigoted loan officers rejecting loan applicants because of their skin color—the new model of discrimination is exploitation. Unscrupulous lenders now prey on a history of racial redlining by aggressively marketing overpriced loan products with onerous terms in the same neighborhoods where mainstream lenders once refused to lend." (citation omitted)).

addressing the significant issues surrounding foreclosures, Shields has not shown that this had any effect on the narrow procedural issue presented in this case.  The trial court did not err.

Deutsche Bank requests attorney fees on appeal.  Attorney fees may be awarded on appeal where permitted by statute or contract.  Aiken v. Aiken, 187 Wn.2d 491, 506, 387 P.3d 680 (2017).  In this case, the deed provides that the lender is entitled to recover reasonable attorney fees in any action to construe or enforce the deed.  Similarly, the note permits the note holder to recover reasonable attorney fees in an action to enforce the note.  We therefore grant Deutsche Bank's request for fees pursuant to RAP 18.1.

We affirm.

_____

WE CONCUR:

_____       _____