IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| KENNETH D. BRYANT, a single man, | No. 87222-2-I |
| Appellant, | |
| v. | |
| WILLIAM G. BRYANT and KAREN F. BRYANT a/k/a KAREN F. HAMMERSMITH, et ux.; KRISTIN M. BRYANT and DELWIN ELDER, et ux.; THOMAS W. BRYANT and JENNIFER A. BRYANT, et ux.; MARIE S. FIELDHOUSE, a single woman and as Administrator of the DARRELL R. BRYANT ESTATE; and JOHN DOES 1-5, | UNPUBLISHED OPINION |
| Respondents. | |

BOWMAN, A.C.J. — Kenneth Bryant appeals the trial court's order dismissing with prejudice his lawsuit against several family members over ongoing property disputes. Because the trial court dismissed the lawsuit after compelling the parties to arbitrate their claims, it exceeded its legal authority and abused its discretion. We vacate the judgments in favor of the defendants, reverse the trial court's dismissal order, and remand for the court to stay its judicial proceedings pending arbitration.

FACTS

William Bryant died on April 15, 2008. William[1] left an estate that included several parcels of real property. At the time of his death, William had four surviving children—Kenneth Bryant, William "Bill" Bryant, Russell Bryant, and Darrell Bryant. For several years, the children fought over the division of the estate's real property.

Darrell died on March 23, 2019 and his wife, Marie Fieldhouse, assumed his interest in the estate. On October 4, 2023, Kenneth, Bill, Russell, Bryant Motors Inc., and Fieldhouse settled their dispute. They signed a settlement agreement outlining how to distribute the property that included the following dispute resolution clause:

> Quick and binding arbitration by first available arbitrator from Judicial Dispute Resolution, to resolve any disputes regarding interpretation or implementation of this Settlement. Each side will advance ½ of estimated cost of the arbitration. Arbitration covers all disputes, including those regarding who owns what. Arbitration is not bound by rules of evidence—the intent here is a brief and inexpensive process. Prevailing party entitled to reasonable fees; non-prevailing party pays for the arbitrator (therefore returns to the prevailing party any amount advanced for arbitration). Arbitrator in his/her discretion may conclude that there is no prevailing party.

On November 1, 2023, Kenneth and Bill entered a separate written contract. Under the contract, Bill agreed to give Kenneth his interest in five parcels of real property that he would receive under the settlement agreement, and Kenneth agreed to pay 50 percent of certain legal fees that Bill incurred.

---

[1] We refer to parties with the last name "Bryant" by their first names for clarity and mean no disrespect by doing so.

On April 5, 2024, Kenneth sued Bill and Bill's wife, Karen Bryant; Bill's daughter Kristen Bryant and Kristen's husband, Delwin Elder; Bill's son Thomas Bryant and Thomas' wife, Jennifer Bryant; and Fieldhouse as the administrator of Darrell's estate. Kenneth asserted several causes of action, including breach and repudiation of contract, tortious interference, and the unauthorized practice of law.[2] Each defendant answered and asserted affirmative defenses.

On August 8, 2024, Fieldhouse moved to compel arbitration under RCW 7.04A.070 based on the October 4, 2023 settlement agreement's dispute resolution provision. On August 9, the other defendants joined Fieldhouse's motion. Kenneth opposed the motion. On August 26, the trial court granted the defendants' motion to compel arbitration. It found that "the Arbitration Clause in the parties' [October 4, 2023] Settlement Agreement is enforceable" and ordered that Kenneth "must submit this matter to arbitration within 14 days of the date of this Order."

But Kenneth did not submit his claims to arbitration. Instead, on August 29, 2024, Kenneth moved the court to voluntarily dismiss his lawsuit without prejudice under CR 41(a)(1)(B). In response, the defendants asked the court to dismiss the action with prejudice. They argued that the lawsuit "was frivolous and advanced without reasonable cause" because the claims were subject to mandatory arbitration. They also argued that Kenneth conceded his claims were

---

[2] Kenneth also alleged contribution and common fund and unjust enrichment, and he requested an order quieting title to several parcels of property, a declaratory judgment, specific performance, and restitution.

futile and that he has "demonstrated a propensity for abusing the litigation process."[3]

On September 27, 2024, the trial court dismissed Kenneth's lawsuit with prejudice. The court concluded that Kenneth's case was "futile, frivolous, and advanced without reasonable cause" and that dismissal without prejudice would be "pointless." It reasoned that Kenneth "should never have . . . filed" the case in the trial court because it was "subject to mandatory, binding arbitration" under the October 4, 2023 settlement agreement. It determined that Kenneth "failed to present any evidence" and made a "concession of futility and frivolity." And that Kenneth "has demonstrated a propensity for abusing the litigation process as evidenced by [his] scheme of avoiding arbitration, obfuscating his discovery duties, and coercing one or more of the defendants to procure a behind-the-scenes settlement favorable to [him]."

On September 30, 2024, the defendants moved the trial court for an award of attorney fees and costs. The court granted the motion, awarding $27,205 to Bill and Karen, Kristen and Elder, and Thomas and Jennifer and $15,132 to Fieldhouse.

On October 7, 2024, Kenneth moved for reconsideration of the dismissal order. He argued that the court should not have dismissed his case with prejudice because he did not concede that any of his claims were meritless or

---

[3] Before the trial court ruled on Kenneth's motion to dismiss, the defendants moved to compel discovery, alleging that some of Kenneth's responses were conclusory. On September 18, 2024, the court granted the motion to compel, ordering Kenneth to serve complete, proper responses within 10 days.

engage in litigation misconduct. On October 18, the court denied the motion for reconsideration.

On October 30, 2024, on the defendants' joint motion, the trial court entered judgments against Kenneth. It entered a judgment for Bill and Karen, Kristen and Elder, and Thomas and Jennifer in the amount of $27,405. And it entered a judgment for Fieldhouse in the amount of $15,332.

Kenneth appeals.

ANALYSIS

Kenneth argues the trial court erred by dismissing his lawsuit with prejudice because he did not file a frivolous lawsuit, engage in litigation misconduct, or concede any of his claims. We decline to reach that issue because the trial court had no authority to dismiss Kenneth's claims after it compelled arbitration.

We review a trial court's order on a motion to dismiss under CR 41(a) for manifest abuse of discretion. *Escude ex rel. Escude v. King County Pub. Hosp. Dist. No. 2*, 117 Wn. App. 183, 190, 69 P.3d 895 (2003). A trial court abuses its discretion when its ruling is manifestly unreasonable or based on untenable grounds. *Id.*

Under CR 41(a)(1)(B), a trial court must dismiss a case on a plaintiff's motion if the plaintiff makes the motion before the close of their opening case. CR 41(a)(4) explains when a dismissal is with or without prejudice:

> Unless otherwise stated in the order of dismissal, the dismissal is without prejudice, except that an order of dismissal operates as an adjudication upon the merits when obtained by a plaintiff who has

once dismissed an action based on or including the same claim in any court of the United States or of any state.

This language "provides the trial court with the discretion to make the dismissal with prejudice in an appropriate case." *Gordon v. Robinhood Fin., LLC*, 31 Wn. App. 2d 185, 199, 547 P.3d 945 (2024). And the court has discretion to order dismissal with prejudice when dismissal without prejudice would be "pointless." *Id.*

But, if a party moves the court to order arbitration under RCW 7.04A.070, the court must "stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the court renders a final decision." RCW 7.04A.070(5). Then, if the court orders arbitration, it must "stay any judicial proceeding that involves a claim subject to the arbitration." RCW 7.04A.070(6). An order staying proceedings pending arbitration "is a temporary suspension of the proceedings in court." *Everett Shipyard, Inc. v. Puget Sound Env't Corp.*, 155 Wn. App. 761, 769, 231 P.3d 200 (2010). Before an arbitrator is appointed, the court may, on a motion from a party to the arbitration and for good cause shown, "enter an order for provisional remedies to protect the effectiveness of the arbitration proceeding to the same extent and under the same conditions as if the controversy were the subject of a civil action." RCW 7.04A.080(1).

Here, the defendants moved to compel arbitration of all Kenneth's claims under RCW 7.04A.070, and the trial court granted the motion.[4] Under RCW 7.04A.070(6), when the court compelled arbitration, it needed to stay further

---

[4] Kenneth argues the trial court erred by compelling arbitration. But he voluntarily dismissed his motion for discretionary review of the trial court's order compelling arbitration. So, we do not address that issue.

judicial proceedings. But the court did not stay further proceedings. Instead, the court considered Kenneth's motion to dismiss his claims and issued an order dismissing them with prejudice. The court's order exceeded its authority to issue provisional orders that "protect the effectiveness of the arbitration proceeding" until an arbitrator is appointed. RCW 7.04A.080(1). Indeed, the court's order purported to decide Kenneth's claims on their merits.[5] As a result, the court abused its discretion.[6]

We vacate the judgments in favor of the defendants, reverse the trial court's dismissal order, and remand for the court to stay the case consistent with its order compelling arbitration.

The defendants request attorney fees and costs on appeal under RAP 18.1 and RCW 4.84.330. RCW 4.84.330 provides, in relevant part:

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

Because the defendants are not the prevailing party, they are not entitled to attorney fees and costs on appeal.

---

[5] The trial court determined that Kenneth's claims were frivolous, in part, because they were subject to arbitration under the settlement agreement. We note that a decision that claims are subject to arbitration is a determination about the forum in which the parties must litigate the merits of the claims, not a determination about the merits of the claims themselves.

[6] We recognize that a party's failure to act on an arbitration order may result in a lift of the temporary stay of proceedings and permit the court to rule on a motion to dismiss under CR 41. *See Everett Shipyard*, 155 Wn. App. at 769-70. But the trial court did not dismiss Kenneth's claims on that basis.

We vacate the judgments in favor of the defendants, reverse the trial court's dismissal order, and remand for the court to stay the case consistent with its order compelling arbitration. We also deny the defendants' request for attorney fees and costs on appeal.

_____, ACJ

WE CONCUR:

_____                    _____
Cheung, J.                                    Smith, J.