### PASSENGER INJURED IN ALIGHTING FROM CAR.

Court of Appeals for Hamilton County.

THE CINCINNATI TRACTION COMPANY v. MARGARET HANDY.*

Decided, July 1, 1914.

*Negligence—In Starting Car While Passenger was Alighting Therefrom—Limitation of Negligence to Conductor Prejudicial, When.*

In an action by a passenger against a traction company for injuries suffered from premature starting of the car, the use in the charge to the jury of the word "conductor," whereas the recklessness charged was that of "agents, servants and employees," was a limitation prejudicial to the plaintiff, and is not available to the defendant company as a ground for reversal.

---

*Affirmed without opinion, *Cincinnati Traction Co.* v. *Handy*, 90 Ohio State.

*Miller Outcalt,* for plaintiff in error.
*Cobb, Howard & Bailey* and *Henry L. Rockel,* contra.

JONES (E. H.), J.; SWING, J., and JONES (Oliver B.), J., concur.

It was not error for the trial court to give the special charge excepted to by counsel for plaintiff in error. The only possible objection that can be made to the charge is that the court used the word "conductor." It would have been proper in our opinion to have extended this to "agents or employees."

The allegation of the amended petition upon this point is that:

"While plaintiff was in the act of alighting from said car, the defendant through its agents, servants and employees did suddenly, recklessly and negligently start said car before plaintiff had alighted therefrom."

This allegation is complete as a charge of negligence against the company, and it was not necessary for the plaintiff to show what particular servant, agent or employee caused the car to start. In limiting the act, in his charge, to the conductor the court erred, if at all, to the prejudice of the plaintiff. There being sufficient evidence in support of the allegations of negligence contained in the amended petition, and finding no errors of law, we are of the opinion that the judgment below should be affirmed.