## APPLICATION OF THE RULE AS TO COMPARATIVE NEGLIGENCE.

Court of Appeals for Stark County.

THE REEVES BROTHERS COMPANY v. JOHN G. COCHLI.

Decided, February Term, 1916.

*Master and Servant—Model of Machine in Which Employee Was Injured May be Received in Evidence—Charge of Court as to Comparative Negligence and Apportionment of Damages—Pleading.*

1. In an action by an employee on account of injuries received, it is competent to offer in evidence for illustrative purposes a model substantially representing the main parts of the machine in which he was injured.

2. The law is correctly given in an instruction to the jury as to comparative negligence which states that if they find from a preponderance of the evidence that the negligence of the plaintiff was slight and by a like preponderance of the evidence that the negligence of the defendant was gross and all the disputed matters are found in favor of the plaintiff, the damages suffered by plaintiff, if any, will then be compared and apportioned between the plaintiff and defendant in the ratio or their respective contributions of negligence to the combined negligence, and diminish plaintiff's recovery, if any, in accordance with the ratio thus fixed and determined.

3. An instruction to the jury which declares as a matter of law that plaintiff assumed the risk of stumbling over or otherwise coming in contact with a necessary part of the machine which he was operating renders nugatory the present statutory provision as to the negligence of the employer.

*Welty & Burt,* for plaintiff in error.
*Hart & Koehler,* contra.

HOUCK, J.

This proceeding in error is brought to reverse a judgment for $2,000 recovered by the defendant in error for damages for personal injuries sustained by him on September 10th, 1910, while in the employ of the plaintiff in error as a machinist in the machine shop of plaintiff in error.

For some time prior to September 10th, 1910, the defendant in error had been employed as a machinist by the Reeves Brothers Company, of Alliance, Ohio. He had been directed by his foreman to work upon a large boring mill, and on said day was boring holes through a large engine base on this particular boring mill, which was a large machine over fifteen feet in length and about ten to twelve feet high, set on a concrete base, so that it could be worked horizontally or perpendicularly, and adjusted to do the work it was intended to do. On this machine there was a bracket of cast iron weighing about seventy-five pounds, extending from its base to the north about one foot, and from the floor about six to eight inches, leaving a hollow space under the bracket. When operating this machine on the day in question something happened which loosened the cutting tool, by means of which the hole was being bored, and Cochli while hurrying to get to the lock wheel caught his foot on the inside of his leg under this bracket, injuring his left leg, which he claims resulted in necrosis of the bone.

Defendant in error (the plaintiff below) alleged in his petition that the defendant below was guilty of carelessness and negligence in the following particulars, to-wit:

*First.* In not providing him a safe place within which to work, taking into consideration the necessary operation of said machine, and in locating said controller so that plaintiff was compelled to pass over said bracket on the north side of said machine on and along the necessary path of travel of the operator of said machine in going quickly, as necessity required, from the face plate or table on one end of the same to the feed nut on the spindle of the other end thereof.

*Second.* In leaving said bracket extended from six to eight inches from the floor, and leaving the same extended about one foot from the base upon which said machine was located.

*Third.* In permitting plaintiff to work on said boring mill equipped with a controller placed in such position as to compel the plaintiff in the operation of said machine to move over and across said bracket hereinbefore described, and in leaving said

374 COURT OF APPEALS.

Reeves Bros. Co. v. Cochli.          [Vol. 26 (N.S.)

bracket unguarded and so placed that the operator in charge of said boring mill was liable to be injured.

*Fourth.* In failing to exercise proper care under the circumstances, taking into consideration the location and equipment of said boring mill and the necessary operation of the same for the safety of plaintiff.

The defendant below by answer denied that it was guilty of any negligence which contributed to or caused the alleged injuries to plaintiff; that the bracket complained of is a part of the framework of the machine and used to support the machine, and that said bracket is not in itself in any way dangerous or complicated and requires no care or protection, and that it was not necessary to go over or across said bracket in the proper operation of said machine; that said bracket and said controller and the entire situation about said machine was open and visible and known to plaintiff, and if there was any danger in the operation of said machine (which they denied) that the plaintiff realized, or in the exercise of ordinary care could have realized the same, and that whatever injuries plaintiff received, if any, were caused by his own negligence, and were not the fault or negligence of the defendant.

The errors relied upon in oral argument by counsel for plaintiff in error are:

*First.* That the court erred in overruling the demurrer to the amended petition.

*Second.* That the court erred in admitting plaintiff's model (Exhibit C) in evidence.

*Third.* That the court erred in its general charge as to the subject of comparative negligence.

*Fourth.* Error in the refusal of the court to give request number four, which was presented in writing before argument.

*Fifth.* That the verdict is against the weight of the evidence.

Coming now to the alleged errors, should the demurrer to the amended petition have been sustained? We think not. From a careful examination of the allegations and statements of fact contained therein we feel that the petition is sufficient in law, and that the charge of negligence on the part of the defendant

is specific and definite, and that it fully comes within the provisions of Section 6245 of the General Code of Ohio.

Was the plaintiff's model improperly admitted in evidence? On page 17 of the record appears the following in the testimony of the plaintiff:

"Q. Mr. Cochli I hand you now here what I ask the stenographer to identify as Plaintiff's Exhibit C, and ask you to state whether or not this substantially represents the main parts of the boring mill, its location on the base on which it stands, and the upright column of which you speak; the platform of the machine, the face plate, the lock nut and the controller, in their relative positions as they are on the machine in the shop? (Objection by defendant; objection overruled; exception by defendant.) A. Yes sir."

It will be seen from the above testimony that it is not claimed that the model is an exact duplicate of the original, or that it is drawn to actual scale, but that it only substantially represents the main parts of the machine, and was offered only for illustrating purposes, which we think was proper and right, and that the court did not err in admitting it in evidence for that purpose.

Did the trial court err in its general charge on the subject of comparative negligence? An examination of the language used by the trial court in discussing this subject might as a first impression lead a reviewing court to believe that it was not properly presented to the jury, but taking all parts of the charge upon this subject into consideration we are of the opinion that the charge is correct and states the law relating to comparative negligence properly. Whatever seeming failure to properly charge in this regard is certainly cured by the trial court in the general charge as appears on page 363 of the record, where the court instructed the jury as follows:

"If both the plaintiff and defendant were negligent, and their combined negligence operating together directly and proximately caused some injury to plaintiff, the plaintiff might still recover notwithstanding his contributory negligence, if you find from the evidence and by a preponderance of it that his negli-

376            COURT OF APPEALS.

Reeves Bros. Co. v. Cochli.         [Vol. 26 (N.S.)

gence was slight, and at the same time find by a like preponderance that the negligence of the defendant was gross. In such case, if you find upon all the disputed matters in favor of the plaintiff, you will then compare and apportion the damage suffered by plaintiff, if you find he suffered any, between the plaintiff and defendant, in the ratio of their respective contributions of negligence, and the combined negligence thus diminishing plaintiff's recovery, if any, in accordance with the ratio previously found and fixed by you. In such case the remainder of the damages thus ascertained will be the amount of plaintiff's recovery, provided he recover at all, on the whole case.''

As we have already said, if we take the entire charge upon this subject into consideration we are of the opinion that it was a fair and proper exposition of the law as to comparative negligence.

Did the trial court err in its refusal to give written request No. 4 before argument, the same being as follows:

''If you find from the evidence that the bracket in question herein was a proper and ordinary part of the boring mill upon which plaintiff was working at the time complained of, then I will say to you as a matter of law, inasmuch as plaintiff admits in his petition herein that he knew it was necessary for him in the operation of said machine to pass over said bracket, that he assumed the risk of stumbling over or otherwise coming in contact with said bracket, and that he can not recover damages against the defendant company for any injuries he may have received in so stumbling over or otherwise coming in contact with said bracket.''

We do not think it necessary to discuss at length this proposition of law, but will only say if the court had given to the jury the above proposition of law it would have rendered nugatory the provisions of Section 6245 of the General Code of Ohio, and therefore the court properly refused to so charge the jury.

Was the verdict of the jury against the manifest weight of the evidence? We have read the testimony as contained in the bill of exceptions for the purpose of ascertaining whether or not the verdict of the jury is supported by the evidence, and while we find some conflict in the testimony, we are by no means prepared to say that the verdict was against the manifest weight of the

evidence, and therefore the judgment below will not be disturbed on that ground.

We do not think the other alleged errors prejudicial to the rights of plaintiff in error, and finding no error in the record prejudicial to the rights of plaintiff in error the judgment of the court of common pleas should be affirmed.

Judgment affirmed.

SHIELDS, J., and POWELL, J., concur.