**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3696
_____

UNITED STATES OF AMERICA

v.

RICHARD BLY,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-19-cr-00415-001
District Judge: Honorable Kevin McNulty

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on

December 7, 2020

_____

Before: McKEE, PORTER, and FISHER *Circuit Judges*

(Opinion filed: January 28, 2021)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM.

Richard Bly appeals his conviction for violating 18 U.S.C. § 2422(b), arguing he was not competent to stand trial and that the judge who succeeded the original trial judge erred in denying Bly's motion to reconsider the initial determination that he was competent to stand trial. We review the Court's competency determinations for clear error.[1] For the reasons that follow, we will affirm the District Court.[2]

## I.

Defense experts concluded Bly was unable to adequately assist in his defense.[3] The District Court found the government expert's contrary conclusion and supporting testimony more credible because he spent eight hours evaluating Bly and administering a battery of neuropsychological tests. Defense experts did not dispute the results of those tests. The District Court stated it considered the defense experts' submissions and expressly acknowledged the defense experts' "personal observations of Mr. Bly's interaction with counsel."[4] The District Court did not clearly err by finding the government expert more persuasive than the defense experts.

---

[1] *United States v. Leggett*, 162 F.3d 237, 241 (3d Cir. 1998).
[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.
[3] The parties did not dispute that Bly was able to understand the proceedings, which is the other *Dusky* standard for competency. *Dusky v. United States*, 362 U.S. 402, 402 (1960).
[4] App. 21.

This case was assigned to Judge McNulty after Judge Linares retired. Bly asked Judge McNulty to make a second determination of Bly's competency based upon counsel's belief that Bly's mental status had deteriorated in the months prior to trial after the first determination. Bly contends that Judge McNulty erred when he denied defense counsel's motion for a re-evaluation of competency. In fact, Bly had moved for a reconsideration of Judge Linares's competency ruling. We review the denial of a motion for reconsideration for the abuse of discretion.[5]

Judge McNulty declined to reopen the issue of competency on the eve of trial and only around two months after the initial ruling. He considered the defense expert's letter, in which the expert wrote that he "continue[d] to think as he did before."[6] However, that prior determination had been rejected. The Court reasoned that the new information demonstrated nothing more than Bly's failure to appreciate the strength of the government's case and his reliance on bizarre legal concepts. The Court concluded that this was not enough to show Bly's inability to adequately assist in his defense. The Court appropriately reasoned that the Speedy Trial Act dismissal of Bly's initial indictment at Bly's own initiative and urging strongly undermined subsequent attempts to argue he was incompetent. We agree.

**II.**

---

[5] *United States v. Kalb*, 891 F.3d 455, 459 (3d Cir. 2018).
[6] App. 32.

3

For the reasons set forth above, we will affirm the District Court's judgment of conviction.[7]

---

[7] For the reasons we have explained, the panel unanimously agrees that this conviction should be affirmed.

However, Judge McKee wishes to express his concern with what appears to him to be the Government's attempt to rely upon other prosecutions of Bly to influence our decision here. He believes that the description of Bly's Massachusetts case set forth in the Government's brief is, at best, unnecessary and, at worst, inappropriate. Federal Rule of Appellate Procedure 28(a)(6) requires the facts set out in an appellate brief to be "relevant to the issues submitted for review." Arguably, the Government may have believed it appropriate to inform the court that the defendant has been the subject of a separate independent prosecution because the alleged conduct there is sufficiently similar to the conduct of conviction here to justify including it as a "Related Case." However, Judge McKee does not believe that justifies captioning the first section of the Statement of Facts portion of the Appellee's brief "***A serial sexual predator at large.***" This is even more concerning because that gratuitous statement is highlighted in bold and italicized font. In his view, this is merely a visceral appeal intended to create antipathy toward the defendant rather than rely upon language more suitable to the kind of legal argument expected from the Government in its appellate briefs.

Judge McKee wishes to convey that he expects more from the United States Attorney's Office and Mr. Coyne, who signed the brief as Chief of its Appeals Division. He hopes that, in the future, the Government will take more seriously its obligation to uphold the "revered and longstanding policy that, under our system of justice, an accused is tried for *what* he did, not *who* he is." *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014). Indeed, the aforementioned gratuity reminds him of Justice Sutherland's oft quoted opinion in *Berger v. United States*: "[W]hile [the prosecutor] may strike hard blows, he [or she] is not at liberty to strike foul ones." 295 U.S. 78, 88 (1935).